
1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  JOHN G. SNOW, ESQ., STATE BAR NO. 280790
   JSNOW@KHPSLAW.COM
3  1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
4  TELEPHONE:    (310) 282-8989
   FACSIMILE:    (310) 282-8903
5
   Attorneys for Defendant BRIAN
6  WARNER

7

8                     UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

| ESMÉ BIANCO, | CASE NO. 2:21-CV-3677-FLA-MAR |
|---|---|
| Plaintiff, | **DEFENDANT BRIAN WARNER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION IN PLAINTIFF ESMÉ BIANCO'S AMENDED COMPLAINT** |
| vs. | |
| BRIAN WARNER a/k/a MARILYN MANSON, individually; MARILYN MANSON RECORDS, INC., | |
| Defendants. | *Notice of Motion and Motion, Request for Judicial Notice, Declaration of Howard E. King, and Proposed Order filed concurrently* |
| | Date:    August 27, 2021<br>Time:    1:30 p.m.<br>Crtrm.:   6B |
| | The Hon. Fernando L. Aenlle-Rocha |

3310.090/1712697.1

## **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................1

II. SUMMARY OF RELEVANT ALLEGATIONS ...............................................2

III. LEGAL STANDARD ..........................................................................................2

IV. ARGUMENT .......................................................................................................2

    A. Plaintiff's Sexual Battery And Assault Claims Are Barred By The Two-Year Statute Of Limitations ......................................................2

    B. California Code Of Civil Procedure Section 340.16's Ten-Year Statute Of Limitations Does Not Apply ......................................................4

    C. Plaintiff Has Not Pleaded An Exception To The Statute Of Limitations To Save Her Time-Barred Claims, Nor Can She ................6

V. CONCLUSION .....................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Deirmenjian v. Deutsche Bank, A.G.*,
   No. 06-cv-00774-MMM-CWx, 2006 WL 4749756
   (C.D. Cal. Sept. 25, 2006) ................................................................................. 6

*Filmed Entm't Ltd. v. Content Media Corp. PLC*,
   733 F.3d 1251 (9th Cir. 2013) ........................................................................... 2

*Haaland v. Garfield Beach CVS, LLC*,
   No. 18-cv-011150-JAK-MRWx, 2018 WL 5086493
   (C.D. Cal. June 6, 2018) ........................................................................... 2, 6, 8

*Landgraf v. USI Film Prods.*,
   511 U.S. 244 (1994) ........................................................................................... 5

*O'Connor v. Franke*,
   No. CV 16-3542 PA (JCX), 2016 WL 10957850
   (C.D. Cal. Sept. 23, 2016) ................................................................................. 3

*Wasco Products, Inc. v. Southwall Techs., Inc.*,
   435 F. 3d 989 (9th Cir. 2006) ............................................................................ 7

**State Cases**

*Davies v. Krasna*,
   14 Cal. 3d 502 (1975) ............................................................................... 3, 7, 8

*DeRose v. Carswell*,
   196 Cal. App. 3d 1011 (1987) .................................................................. 3, 4, 7

*Doe v. Bakersfield City Sch. Dist.*,
   136 Cal. App. 4th 556 (2006) ........................................................................... 3

*Marsha V. v. Gardner*,
   231 Cal. App. 3d 265 (1991) ........................................................................ 4, 7

*McClung v. Employment Dev. Dept.*,
   34 Cal. 4th 467 (2004) ...................................................................................... 5

*Miller v. Lakeside Village Condominium Assn.*,
   1 Cal. App. 4th 1611 (1991) ............................................................................. 3

*Myers v. Philip Morris Cos., Inc.*,
  28 Cal. 4th 828 (2002) ................................................................................................4

*Parker v. Walker*,
  5 Cal. App. 4th 1173 (1992) ......................................................................................2

*Quarry v. Doe I*,
  53 Cal. 4th 945 (2012) ......................................................................................3, 4, 5

*Union Carbide Corp. v. Super. Ct.*,
  36 Cal. 3d 15 (1984) ..................................................................................................6

**State Statutes**

Cal. Code Civ. Proc. § 335.1 ..............................................................................1, 3, 6

Cal. Code Civ. Proc. § 340.3(d)(1) ...............................................................................5

Cal. Code Civ. Proc. § 340.1 ........................................................................................3

Cal. Code Civ. Proc. § 340.16 ............................................................................4, 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Brian Warner ("Warner") denies each and every claim made by Plaintiff Esmé Bianco's ("Plaintiff"). Plaintiff's claims are untrue, meritless, and a key component of a coordinated attack by multiple plaintiffs, who are cynically and dishonestly seeking to monetize and exploit the #MeToo movement.

These individuals, including Plaintiff, spent months plotting, workshopping, and fine-tuning their stories to turn what were consensual friendships and relationships with Warner from more than a decade ago, into twisted tales that bear no resemblance to reality. Without a shred of evidence to support their claims, Plaintiff and her co-conspirators are desperately trying to conflate the imagery and artistry of Warner's "shock rock" stage persona, "Marilyn Manson," with fabricated accounts of abuse.

Plaintiff has attempted to improperly manipulate the legal system by filing these clearly time-barred claims in hope of spreading lies about Warner under the protections of the litigation privilege. This Motion focuses on Plaintiff's first and second causes of action—which falsely allege sexual assault and sexual battery under California state law—because it is apparent from the face the Amended Complaint ("Complaint") that they are time-barred by more than seven years.

Plaintiff's claims arise from conduct that is alleged to have occurred, at the latest, in 2011. Plaintiff's first and second causes of action are both subject to a two-year statute of limitations, which expired in 2013. *See* Cal. Code Civ. Proc. § 335.1. Nevertheless, Plaintiff did not file this case until April 30, 2021—more than seven years after the claims lapsed. Accordingly, Plaintiff's first and second causes of action are time-barred.

Statutes of limitations like the one applicable here serve a fundamental role in our legal system and "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has

been lost, memories have faded, and witnesses have disappeared." *Parker v. Walker*, 5 Cal. App. 4th 1173, 1188-1189 (1992). Plaintiff's first and second causes of action, which arise from conduct that is alleged to have occurred a decade ago or longer, should be dismissed.

## II.   SUMMARY OF RELEVANT ALLEGATIONS

Plaintiff alleges she met Warner in 2005. Compl. ¶ 12. Plaintiff alleges she began a consensual sexual relationship with him in 2009. *Id.* ¶ 18. In May 2011, Plaintiff alleges Warner had sex with her without her consent. *Id.* ¶ 30. Plaintiff also alleges Warner "committed sexual battery against [her] on multiple occasions throughout her time in Los Angeles in 2011 . . . all without the consent of Plaintiff." *Id.* ¶ 32.

## III.   LEGAL STANDARD

A claim should be dismissed as time-barred under Rule 12(b)(6) when the running of the statute is "apparent on the face of the complaint." *Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quotation marks and citation omitted).

## IV.   ARGUMENT

The Complaint establishes, on its face, that Plaintiff's state-law claims for sexual assault and sexual battery are time-barred. Plaintiff also fails to plead any exception to the statute of limitations, nor can she. As a result, Warner respectfully requests that the claims be dismissed with prejudice. *See Haaland v. Garfield Beach CVS, LLC*, No. 18-cv-011150-JAK-MRWx, 2018 WL 5086493, at *3–4 (C.D. Cal. June 6, 2018) (dismissing time-barred claim with prejudice when plaintiff failed to proffer evidence sufficient to toll the statute of limitations).

### A.   Plaintiff's Sexual Battery And Assault Claims Are Barred By The Two-Year Statute Of Limitations

Plaintiff's first and second causes of action—which allege sexual assault and sexual battery under California state law—are governed by the two-year statute of

limitations in California Code of Civil Procedure section 335.1. *See DeRose v. Carswell*, 196 Cal. App. 3d 1011, 1015 (1987) (applying section 335.1's predecessor (section 340, subd. (3)) to claims for sexual assault and sexual battery)[1]; *O'Connor v. Franke*, No. CV 16-3542 PA (JCX), 2016 WL 10957850, at *3 (C.D. Cal. Sept. 23, 2016) (holding plaintiff's sexual battery and assault claims were subject to section 335.1's two-year statute of limitations).

"The statute of limitations ordinarily begins to run 'upon the occurrence of the last fact essential to the cause of action.'" *DeRose*, 196 Cal. App. 3d at 1017. For tort claims, "the general rule is that the cause of action is complete on the sustaining of 'actual and appreciable harm,' on which the recoverable damages would be more than nominal." *Miller v. Lakeside Village Condominium Assn.*, 1 Cal. App. 4th 1611, 1623 (1991). Accordingly, "the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period." *Davies v. Krasna*, 14 Cal. 3d 502, 512 (1975).

"In personal injury cases, the wrongful act often causes immediate harm." *DeRose*, 196 Cal. App. 3d at 1017. This is necessarily true for cases alleging assault claims, such as this one, because assault "by definition is perceived as unconsented to and offensive" and therefore "causes harm as a matter of law." *Id.* at 1018; *cf. Doe v. Bakersfield City Sch. Dist.*, 136 Cal. App. 4th 556, 567 n.2 (2006) (a claim for "molestation generally accrues at the time of the molestation"). For example, in *DeRose*, when the plaintiff alleged she was sexually assaulted "without her

---

[1] *DeRose* concerned *childhood* sexual assault and battery claims and was decided at a time when such claims were not subject to a specific statute of limitations. As recognized in *Quarry v. Doe I*, 53 Cal. 4th 945, 961 (2012), *DeRose* was subsequently superseded by California Code of Civil Procedure section 340.1, which provided a specific statute of limitations and special statutory rules for childhood sexual assault claims. The subsequent enactment of section 340.1, however, does not affect the application of the general principles discussed in *DeRose* to *adult* sexual assault and battery claims, which were subject to the same rules as childhood claims at the time of *DeRose*.

consent," the court found the assault caused an "immediate harm" that gave the plaintiff "a right to sue at that time." 196 Cal. App. 3d at 1017. Similarly, in *Marsha V. v. Gardner*, 231 Cal. App. 3d 265 (1991), the court held that the plaintiff who was molested against her will suffered "an actual and appreciable injury" at the time. *Id.* at 273, *superseded by statute on other grounds as stated in Quarry v. Doe I*, 53 Cal. 4th 945 (2012).

Here, Plaintiff alleges she was sexually assaulted and battered without her consent in 2011. *See, e.g.*, Compl. ¶¶ 30, 32. Because the alleged conduct occurred without Plaintiff's consent, Plaintiff necessarily and "as a matter of law" suffered an actual and appreciable injury at the time of the alleged conduct in 2011, just like the plaintiffs in *DeRose* and *Marsha V.* Therefore, Plaintiff's claims accrued in 2011 and the two-year statute of limitations commenced in 2011. Because the statute of limitations expired in 2013 and Plaintiff did not file her claims until 2021, her sexual assault and battery claims are not actionable and should be dismissed.

### B. California Code Of Civil Procedure Section 340.16's Ten-Year Statute Of Limitations Does Not Apply

Because Plaintiff's Complaint cites California Code of Civil Procedure section 340.16, she may argue that her sexual assault claim is governed by its ten-year statute of limitations, but that would be incorrect. *See, e.g.*, Compl. at p.8 (citing Cal. Code Civ. Proc. § 340.16).

Effective January 1, 2019, section 340.16 expanded the statute of limitations period for adult claims of sexual abuse to the **later of** (a) ten years from the last act, or (b) three years from "the date the plaintiff discovers or reasonably should have discovered than an injury or illness resulted from the act." *Id.* However, the statute does *not* revive claims that lapsed under the former limitations period, such as Plaintiff's claims.

"Generally, statutes operate prospectively only." *Myers v. Philip Morris Cos., Inc.*, 28 Cal. 4th 828, 840 (2002). "The presumption against retroactive legislation is

deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *McClung v. Employment Dev. Dept.*, 34 Cal. 4th 467, 475 (2004) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). Thus, a "legislative enlargement of a limitations period does not revive *lapsed* claims in the absence of express language of revival." *Quarry v. Doe I*, 53 Cal. 4th 945, 956 (2012); *see also McClung*, 34 Cal. 4th at 475 ("it has long been established that a statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature'").

Section 340.16 contains no such express language. To be sure, the California legislature knows how to include "revival" language when that is its intent. For example, in 2015, when the legislature enlarged the statute of limitations applicable to certain damages actions against defendants who committed felonies, it expressly stated that the new law applied to "any action otherwise barred by a limitation of time in effect prior to the effective date of this section, *thereby reviving those causes of action that had lapsed or expired under the law prior to the effective date of this section*." Cal. Code Civ. Proc. § 340.3(d)(1) (emphasis added). By comparison, section 340.16 has no such language.

Because the text of section 340.16 forecloses any interpretation that it revived Plaintiff's claims, there is no need to consult the legislative history. Nevertheless, the legislative history further confirms the California legislature did not intend the statute to be retroactive. Before enactment, an earlier iteration of the bill had a sweeping retroactivity provision that would have applied to "any action or causes of action that would have been barred by the laws, including the periods of limitations, in effect prior to January 1, 2019, thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 2019." *See*

King Decl. Ex. 1,[2] Rep. of Cal. Sen. Judiciary Comm., pp.2-3, A.B. 1619 (June 26, 2018) (further observing that the existing law at the time provided a two-year statute of limitations (citing C.C.P. § 335.1)). However, the Senate Appropriations Committee recommended striking this provision because it might give rise to "potentially-significant workload cost pressures" on the court system. *See* King Decl. Ex. 2, Rep. of Cal. Sen. Comm. on Appropriations, p.1, A.B. 1619 (Aug. 6, 2018); King Decl. Ex. 3, Rep. of Cal. Sen. Comm. on Appropriations, p.1., A.B. 1619 (Aug. 16, 2018) (reflecting recommendation to "[s]trike retroactivity provision"). The Legislature accepted the recommendation and passed an amended bill without any language of retroactivity or revival. *See* Section 340.16; King Decl. Ex. 4, Concurrence in Cal. Sen. Amendments, A.B. 1619 (Aug 22, 2018).

The legislative history thus shows that by affirmatively *removing* language that would have revived lapsed claims, the California legislature did *not* intend section 340.16 to revive lapsed claims or apply retroactively. Accordingly, section 340.16 does not apply to Plaintiff's claim, which is instead governed by the two-year statute of limitations in section 335.1.

### C. Plaintiff Has Not Pleaded An Exception To The Statute Of Limitations To Save Her Time-Barred Claims, Nor Can She

Where "an issue as to the statute of limitations appears 'on the face of the complaint,' the party seeking tolling 'has an obligation to anticipate the defense and plead facts to negative the bar.'" *Haaland*, 2018 WL 5086493, at *3 (C.D. Cal. June 6, 2018) (quoting *Union Carbide Corp. v. Super. Ct.*, 36 Cal. 3d 15, 25 (1984)); *see also Deirmenjian v. Deutsche Bank, A.G.*, No. 06-cv-00774-MMM-CWx, 2006 WL 4749756, at *39 (C.D. Cal. Sept. 25, 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have

---

[2] For the reasons stated in the concurrently filed Request of Judicial Notice, the legislative history materials attached as exhibits to the King Declaration may be considered by the Court when ruling on this Motion.

included the allegation in their pleadings") (quoting *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F. 3d 989, 991 (9th Cir. 2006))).

Here, Plaintiff has not pleaded any exceptions to the statute of limitations, nor can she because, as stated, her claims accrued as a matter of law in 2011, when the alleged wrongful conduct occurred without her consent. *See DeRose*, 196 Cal. App. 3d at 1017.

Warner notes that Plaintiff alleges "[i]t took [her] years to understand the extent of Mr. Warner's physical, sexual, psychological, and emotional abuse." Compl. ¶ 24. While the Complaint does not allege this is a basis to toll the statute of limitations, to the extent Plaintiff intends to make any such argument, Plaintiff would be incorrect. California courts have routinely rejected the argument that delayed discovery of "the extent" of one's injuries tolls the statute of limitations. For example, in *Marsha V.*, a sexual abuse case, the plaintiff argued the statute of limitations was tolled due to her delayed discovery of "ongoing deep-seated psychological injuries and the causal link between those injuries and [the defendant's] misconduct." 231 Cal. App. 3d at 271. The court held the delayed discovery rule did not apply because the plaintiff knew the defendant abused her against her will, which constituted a wrongful act that commenced the statutory period. *Id.* at 273. The plaintiff's unawareness of "*additional* harm ('feelings of great shame, embarrassment, humiliation, fear, confusion about herself, guilt, self-blame, self-hate, anxiety, extreme depression, psychosomatic and sleep-related complaints, inability to differentiate between sex and affection, and difficulty forming meaningful trust relationships) only 'created uncertainty as to the amount of damages [and did not] toll [] the period of limitations." *Id.* (emphasis and alterations in original) (quoting *Davies*, 14 Cal. 3d at 512).

Similarly, in *DeRose*, another sexual abuse case, the plaintiff argued her claims did not accrue until she appreciated the causal relationship between the alleged assault and her emotional injuries. 196 Cal. App. 3d at 1018. The court

rejected the argument, holding that an assault by definition is nonconsensual and offensive and "causes harm as a matter of law." *Id.* Thus, all the facts essential to the cause of action were known at the time of the assault. *Id.*

In short, Plaintiff's alleged recent discovery of "the extent" of her injuries is insufficient to revive her first and second causes of action, which lapsed more than seven years ago. *Davies*, 14 Cal. 3d at 512 (holding that "the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period" and "neither uncertainty as to the amount of damages nor difficulty in proving damages tolls the period of limitations").

## V. CONCLUSION

Because Plaintiff's first and second causes of action are time-barred by more than seven years and Plaintiff cannot establish an applicable exception to the statute of limitations, Warner respectfully requests that the first and second causes of action be dismissed with prejudice. *See Haaland*, 2018 WL 5086493, at *3.

DATED: July 28, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: _/s/ Howard E. King_
HOWARD E. KING
Attorneys for Defendant BRIAN WARNER