1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  JOHN G. SNOW, ESQ., STATE BAR NO. 280790
   JSNOW@KHPSLAW.COM
3  1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
4  TELEPHONE:    (310) 282-8989
   FACSIMILE:    (310) 282-8903
5
   Attorneys for Defendant BRIAN
6  WARNER

7                  UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 ESMÉ BIANCO,                          CASE NO. 2:21-CV-3677-FLA-MAR

11              Plaintiff,               **JOINT SUBMISSION OF
                                         ADDITIONAL LEGISLATIVE
12      vs.                              HISTORY MATERIALS FOR
                                         CONSIDERATION IN
13 BRIAN WARNER a/k/a MARILYN            CONNECTION WITH
   MANSON, individually; MARILYN         DEFENDANT BRIAN WARNER'S
14 MANSON RECORDS, INC.,                 MOTION TO DISMISS THE FIRST
                                         AND SECOND CAUSES OF
15              Defendants.              ACTION IN PLAINTIFF ESMÉ
                                         BIANCO'S AMENDED
16                                       COMPLAINT [DKT. #14]**

17                                       The Hon. Fernando L. Aenlle-Rocha

18

19

20

21

22

23

24

25

26

27

28

3310.090/1732769.1

## JOINT SUBMISSION OF ADDITIONAL LEGISLATIVE HISTORY MATERIALS

Pursuant to the Court's August 27, 2021 Minute Order, Defendant Brian Warner ("Warner") and Plaintiff Esmé Bianco (collectively, the "Parties") hereby submit the following additional legislative history materials for the Court's consideration in connection with Warner's Motion to Dismiss The First And Second Causes of Action in Plaintiff Esmé Bianco's Amended Complaint (DKT. # 14):

- **Exhibit A:** The Legislative Counsel's Digest record of the June 11, 2018 amendments to AB 1619, a true and correct copy of which is attached.[1]

- **Exhibit B:** The Legislative Counsel's Digest record of the August 17, 2018 amendments to AB 1619, a true and correct copy of which is attached.

- **Exhibit C:** The Legislative Counsel's Digest record of the final version of the bill approved by the Governor on September 30, 2018, a true and correct copy of which is attached.

- **Exhibit D:** Assembly Floor Analysis of AB 1619, dated August 23, 2018, a true and correct copy of which is attached.

- **Exhibit E:** Assembly Committee on Judiciary Analysis of AB 1619, dated August 26, 2018, a true and correct copy of which is attached.

- **Exhibit F:** Assembly Floor Analysis of AB 1619, dated August 28, 2018, a true and correct copy of which is attached.

- **Exhibit G:** A summary of the history of AB 1619 obtained from https://leginfo.legislature.ca.gov/faces/billHistoryClient.xhtml?bill_id= 201720180AB1619, a true and correct copy of which is attached.

---

[1] This amendment first introduced the bill's provisions related to the statute of limitations for sexual assault. Previously, the subject matter of the bill related to private postsecondary education.

1  DATED:   September 3, 2021   KING, HOLMES, PATERNO &
2                                                SORIANO, LLP

3

4                                          By:   _/s/ Howard E. King_
5                                                    HOWARD E. KING
6                                          Attorneys for Defendant BRIAN WARNER

7
   DATED:   September 3, 2021   ELLWANGER LAW LLLP
8

9

10                                        By:   _/s/ Jay D. Ellwanger_
11                                                JAY D. ELLWANGER
12                                       Attorneys for Plaintiff ESMÉ BIANCO

13

14                          **FILER'S ATTESTATION**

15        Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document attests that all

16  other signatories listed, and on whose behalf the filing is submitted, concur in the

17  filing's content and have authorized the filing.

18  DATED:  September 3, 2021     By:   _/s/ Howard E. King_
19                                                  HOWARD E. KING

20

21

22

23

24

25

26

27

28

# EXHIBIT A

AMENDED IN SENATE JUNE 11, 2018

AMENDED IN ASSEMBLY MAY 30, 2017

AMENDED IN ASSEMBLY APRIL 17, 2017

CALIFORNIA LEGISLATURE—2017–18 REGULAR SESSION

# ASSEMBLY BILL                                    No. 1619

**Introduced by Assembly Member Berman**
**(Coauthor: Assembly Member ~~McCarty~~ *Cooper*)**

February 17, 2017

An act to add Section ~~94885.6 to the Education Code,~~ *340.16 to the Code of Civil Procedure,* relating to ~~private postsecondary education.~~ *sexual assault.*

### LEGISLATIVE COUNSEL'S DIGEST

AB 1619, as amended, Berman. ~~Private postsecondary education.~~ *Sexual assault: statutes of limitation on civil actions.*

*Existing law provides that in a civil action for recovery of damages suffered as a result of domestic violence, the time for commencement of the action shall be the later of within 3 years from the date of the last act of domestic violence by the defendant against the plaintiff or within 3 years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act of domestic violence by the defendant against the plaintiff.*

*This bill would set the time for commencement of any civil action for recovery of damages suffered as a result of sexual assault, as defined, where the assault occurred on or after the plaintiff's 18th birthday, to the later of within 10 years from the date of the last act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant against the plaintiff or within 3 years from the date the*

*plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant against the plaintiff.*

~~Existing law, the California Private Postsecondary Education Act of 2009, provides, among other things, for student protections and regulatory oversight of private postsecondary institutions in the state. The act is enforced by the Bureau for Private Postsecondary Education within the Department of Consumer Affairs. The act requires the bureau to adopt by regulation minimum operating standards for institutions that are subject to the act's provisions. Under existing federal law, in order to be eligible for funding under the federal Higher Education Act Title IV student assistance programs, an educational program must lead to a degree at a nonprofit or public institution or it must prepare students for gainful employment in a recognized occupation. Existing federal law establishes debt-to-earnings rates to determine whether a gainful employment program prepares students for gainful employment in a recognized occupation.~~

~~This bill would require the bureau to prohibit institutions that are subject to the act's provisions from enrolling new students in an educational program that receives a fail rating for 2 out of 3 consecutive years, or receives a combination of zone or fail ratings for 4 consecutive years, based on the federal debt-to-earnings rates. The bill would prohibit these institutions from reestablishing enrollment of new students in a fail or zone educational program that it discontinued voluntarily, reestablishing enrollment of new students in an educational program that is out-of-compliance under the federal debt-to-earnings rates, or establishing enrollment of new students in an educational program that is substantially similar to the discontinued or out-of-compliance program, until 3 years has passed. The bill would authorize institutions with an educational program that receives a fail or zone rating under the federal debt-to-earnings rates to file an alternate earnings appeal.~~

Vote: majority.  Appropriation:  no. Fiscal committee:  ~~yes~~ *no*. State-mandated local program:  no.

*The people of the State of California do enact as follows:*

1    SECTION 1.  Section 340.16 is added to the Code of Civil
2  Procedure, to read:
3    340.16.  (a)  In any civil action for recovery of damages suffered
4  as a result of sexual assault, where the assault occurred on or

1 *after the plaintiff's 18th birthday, the time for commencement of*
2 *the action shall be the later of the following:*
3    *(1) Within 10 years from the date of the last act, attempted act,*
4 *or assault with the intent to commit an act, of sexual assault by*
5 *the defendant against the plaintiff.*
6    *(2) Within three years from the date the plaintiff discovers or*
7 *reasonably should have discovered that an injury or illness resulted*
8 *from an act, attempted act, or assault with the intent to commit an*
9 *act, of sexual assault by the defendant against the plaintiff.*
10    *(b) As used in this section, "sexual assault" means any of the*
11 *crimes described in Section 243.4, 261, 262, 264.1, 286, 288a, or*
12 *289 of the Penal Code, assault with the intent to commit any of*
13 *those crimes, or an attempt to commit any of those crimes.*
14    *(c) This section applies to any action described in subdivision*
15 *(a) that is commenced on or after January 1, 2019, to any action*
16 *described in subdivision (a) that is filed prior to January 1, 2019,*
17 *and still pending on that date, and to any action or causes of action*
18 *described in subdivision (a) that would have been barred by the*
19 *laws, including the period of limitations, in effect prior to January*
20 *1, 2019, thereby reviving those causes of action which had lapsed*
21 *or technically expired under the law existing prior to January 1,*
22 *2019. Nothing in this section is intended to revive actions or causes*
23 *of action as to which there has been a final adjudication on the*
24 *merits prior to January 1, 2019. Termination of a prior action on*
25 *the basis of the statute of limitations does not constitute a final*
26 *adjudication on the merits.*
27 ~~SECTION 1.   (a)  The Legislature finds and declares all of the~~
28 ~~following:~~
29 ~~(1) On July 1, 2015, the federal regulations took effect.~~
30 ~~(2) Through the regulatory process, the United States~~
31 ~~Department of Education established debt-to-earnings rates based~~
32 ~~on the typical loan debt and earnings of students who previously~~
33 ~~completed a gainful employment (GE) program.~~
34 ~~(3) Two debt-to-earnings rates are calculated pursuant to the~~
35 ~~federal regulations, one based on annual earnings and one based~~
36 ~~on discretionary income.~~
37 ~~(4) The two rates described in paragraph (3) are calculated for~~
38 ~~each GE program as a measure of the ability of graduates of the~~
39 ~~GE program to reasonably repay their student loan debt.~~

**AB 1619** — 4 —

1   (5) For the annual earnings rate, the numerator is the calculated
2  annual loan payment amount, which is an estimate of the annual
3  loan repayment amount based on the median educational debt of
4  the members of the cohort, and the denominator is the higher of
5  the cohort's mean or median earnings.
6   (6) The discretionary income rate uses the same annual loan
7  payment amount in the numerator as the annual earnings rate, but
8  the denominator is the higher of the mean or median earnings
9  minus 150 percent of the poverty guideline.
10   (7) To maintain federal Title IV financial aid eligibility, GE
11  programs are required to meet minimum standards for the
12  debt-to-earnings rates of their graduates and are provided a pass,
13  zone, or fail rating.
14   (8) The pass rating is given to GE programs whose graduates
15  have annual loan payments less than or equal to 8 percent of total
16  earnings, or less than or equal to 20 percent of discretionary
17  income.
18   (9) The zone rating is given to GE programs whose graduates
19  have annual loan payments greater than 8 percent but less than or
20  equal to 12 percent of total earnings, or greater than 20 percent
21  but less than or equal to 30 percent of discretionary income.
22   (10) The fail rating is given to GE programs whose graduates
23  have annual loan payments greater than 12 percent of total earnings,
24  and greater than 30 percent of discretionary income.
25   (11) The current federal regulations have been reviewed and
26  upheld in their entirety by two different federal courts and affirmed
27  by the United States Court of Appeals, District of Columbia Circuit.
28   (b) It is the intent of the Legislature to continue the student
29  protections in the federal regulations by applying the federal
30  debt-to-earnings rates to California law.
31   (c) For purposes of this section, the following terms have the
32  following meanings:
33   (1) "Debt-to-earnings rates" are the rates established in the
34  federal regulations.
35   (2) "Federal regulations" mean the federal gainful employment
36  regulations established in Part 668 of Chapter VI of Subtitle B of
37  Title 34 of the Code of Federal Regulations.
38   (3) "Gainful employment program" or "GE program" has the
39  same meaning as the term is defined for purposes of the federal
40  regulations.

1    SEC. 2.   Section 94885.6 is added to the Education Code, to
2    read:
3    94885.6.   (a)  The bureau shall prohibit an institution that is not
4    exempt from this chapter from enrolling new students in an
5    educational program that receives a fail rating for two out of three
6    consecutive years, or receives a combination of zone or fail ratings
7    for four consecutive years, based on the federal debt-to-earnings
8    rates. If an educational program receives a fail or zone rating under
9    the federal debt-to-earnings rates, an institution may file an
10   alternate earnings appeal.
11   (b)  An institution shall not reestablish enrollment of new
12   students in a fail or zone educational program that it discontinued
13   voluntarily, reestablish enrollment of new students in an
14   educational program that is out-of-compliance under the federal
15   debt-to-earnings rates, or establish enrollment of new students in
16   an educational program that is substantially similar to the
17   discontinued or out-of-compliance program, until three years has
18   passed.
19   (c)  The bureau shall adopt regulations as necessary to implement
20   this section, including regulations to obtain data if the United States
21   Department of Education no longer releases the federal
22   debt-to-earnings rates.
23   (d)  For purposes of this section, the following terms have the
24   following meanings:
25   (1)  "Alternate earnings appeal" has the same meaning as the
26   term is described for purposes of the federal regulations.
27   (2)  "Debt-to-earnings rates" are the rates established in the
28   federal regulations.
29   (3)  "Fail rating" has the same meaning as the term is described
30   for purposes of the federal regulations.
31   (4)  "Federal regulations" mean the federal gainful employment
32   regulations established in Part 668 of Chapter VI of Subtitle B of
33   Title 34 of the Code of Federal Regulations, as those regulations
34   read on January 1, 2017.
35   (5)  "Zone rating" has the same meaning as the term is described
36   for purposes of the federal regulations.

O

# EXHIBIT B

AMENDED IN SENATE AUGUST 17, 2018

AMENDED IN SENATE JUNE 11, 2018

AMENDED IN ASSEMBLY MAY 30, 2017

AMENDED IN ASSEMBLY APRIL 17, 2017

CALIFORNIA LEGISLATURE—2017–18 REGULAR SESSION

# ASSEMBLY BILL                                   No. 1619

**Introduced by Assembly Member Berman**
**(Coauthor: Assembly Member Cooper)**

February 17, 2017

An act to add Section 340.16 to the Code of Civil Procedure, relating to sexual assault.

LEGISLATIVE COUNSEL'S DIGEST

AB 1619, as amended, Berman. Sexual assault: statutes of limitation on civil actions.

Existing law provides that in a civil action for recovery of damages suffered as a result of domestic violence, the time for commencement of the action shall be the later of within 3 years from the date of the last act of domestic violence by the defendant against the plaintiff or within 3 years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act of domestic violence by the defendant against the plaintiff.

This bill would set the time for commencement of any civil action for recovery of damages suffered as a result of sexual assault, as defined, where the assault occurred on or after the plaintiff's 18th birthday, to the later of within 10 years from the date of the last act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant

**AB 1619**        — **2** —

against the plaintiff or within 3 years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant against the plaintiff.

Vote: majority. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1     SECTION 1.  Section 340.16 is added to the Code of Civil
2     Procedure, to read:
3     340.16.  (a)  In any civil action for recovery of damages suffered
4     as a result of sexual assault, where the assault occurred on or after
5     the plaintiff's 18th birthday, the time for commencement of the
6     action shall be the later of the following:
7     (1)  Within 10 years from the date of the last act, attempted act,
8     or assault with the intent to commit an act, of sexual assault by the
9     defendant against the plaintiff.
10    (2)  Within three years from the date the plaintiff discovers or
11    reasonably should have discovered that an injury or illness resulted
12    from an act, attempted act, or assault with the intent to commit an
13    act, of sexual assault by the defendant against the plaintiff.
14    (b)  As used in this section, "sexual assault" means any of the
15    crimes described in Section 243.4, 261, 262, 264.1, 286, 288a, or
16    289 of the Penal Code, assault with the intent to commit any of
17    those crimes, or an attempt to commit any of those crimes.
18    (c)  This section applies to any action described in subdivision
19    (a) that is commenced on or after January 1, ~~2019, to any action~~
20    ~~described in subdivision (a) that is filed prior to January 1, 2019,~~
21    ~~and still pending on that date, and to any action or causes of action~~
22    ~~described in subdivision (a) that would have been barred by the~~
23    ~~laws, including the period of limitations, in effect prior to January~~
24    ~~1, 2019, thereby reviving those causes of action which had lapsed~~
25    ~~or technically expired under the law existing prior to January 1,~~
26    ~~2019. Nothing in this section is intended to revive actions or causes~~
27    ~~of action as to which there has been a final adjudication on the~~
28    ~~merits prior to January 1, 2019. Termination of a prior action on~~

— 3 —                              **AB 1619**

1  ~~the basis of the statute of limitations does not constitute a final~~
2  ~~adjudication on the merits.~~ *2019.*

O

# EXHIBIT C



**Assembly Bill No. 1619**

CHAPTER 939

An act to add Section 340.16 to the Code of Civil Procedure, relating to sexual assault.

[Approved by Governor September 30, 2018. Filed with
Secretary of State September 30, 2018.]

LEGISLATIVE COUNSEL'S DIGEST

AB 1619, Berman. Sexual assault: statutes of limitations on civil actions.

Existing law provides that in a civil action for recovery of damages suffered as a result of domestic violence, the time for commencement of the action shall be the later of within 3 years from the date of the last act of domestic violence by the defendant against the plaintiff or within 3 years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act of domestic violence by the defendant against the plaintiff.

This bill would set the time for commencement of any civil action for recovery of damages suffered as a result of sexual assault, as defined, where the assault occurred on or after the plaintiff's 18th birthday, to the later of within 10 years from the date of the last act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant against the plaintiff or within 3 years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with intent to commit an act, of sexual assault by the defendant against the plaintiff.

*The people of the State of California do enact as follows:*

SECTION 1.   Section 340.16 is added to the Code of Civil Procedure, to read:

340.16.   (a)  In any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following:

(1)  Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault by the defendant against the plaintiff.

(2)  Within three years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with the intent to commit an act, of sexual assault by the defendant against the plaintiff.



LEGISLATIVE INTENT SERVICE   (800) 666-1917

(b)  As used in this section, "sexual assault" means any of the crimes described in Section 243.4, 261, 262, 264.1, 286, 288a, or 289 of the Penal Code, assault with the intent to commit any of those crimes, or an attempt to commit any of those crimes.

(c)  This section applies to any action described in subdivision (a) that is commenced on or after January 1, 2019.

O

# EXHIBIT D

AB 1619
Page 1

CONCURRENCE IN SENATE AMENDMENTS
AB 1619 (Berman)
As Amended  August 17, 2018
Majority  vote

| ASSEMBLY: | (June 1, 2017) | SENATE: | 39-0 | (August  22, 2018) |
|---|---|---|---|---|

(vote  not relevant)

Original  Committee  Reference:  **HIGHER ED.**

**SUMMARY**: Extends the statute of limitations  for any civil action for recovery of damages suffered  as a result of sexual assault.  Specifically,  **this bill:**

1) Establishes  a statute of limitations  specific to sexual assault or attempted  sexual assault that occurred on or after a plaintiff's 18th birthday.  Specifically  provides  that the time for commencement  of such action is the later of the following:

   a)  Within 10 years from the date of the last act, attempted  act, or assault with the intent to commit  an act, of sexual assault; or

   b)  Within three years from the date the plaintiff  discovers  or reasonably  should have discovered that an injury  or illness  resulted  from an act, attempted  act, or assault with the intent to commit  an act, of sexual assault.

2) Provides  that this new statute of limitations  applies  to any applicable  action that is commenced  on or after January 1, 2019.

**The Senate amendments**  delete the Assembly  version of this bill, and instead extend the statute of limitations  for any civil  action for recovery of damages suffered  as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, as specified.

**EXISTING LAW**:

1) Provides  that an action for assault, battery, or injury  to, or for the death of, an individual caused by the wrongful  act or neglect of another may be commenced  within two years. (Code of Civil Procedure Section 335.1. All further statutory references  are to this code unless  otherwise  noted.)

2) Generally  provides  that the time for commencing  a civil action for damages is within two years of the injury  or death caused by the wrongful  act or neglect of another.  (Section 340.)

3) Provides  that the time for commencing  a civil action based on injuries  resulting  from childhood  sexual abuse, as defined, is eight years after the plaintiff  reaches majority (*i.e.,* until 26 years of age) or within three years of the date the plaintiff  discovers  or reasonably should have discovered that the psychological  injury  or illness  occurring  after the age of majority  was caused by the abuse, whichever  occurs later. (Section 340.1(a).)

4) Provides  that a civil action may be commenced  within 10 years of the date on which a defendant  is discharged  from parole, against a defendant  convicted  of a felony offense, including  rape, forced sodomy, forced oral copulation,  lewd or lascivious  acts against  a child

under 14, rape in concert, or any act of sexual penetration that is non-consensual.  (Section 340.3(b).)

**FISCAL EFFECT**:  Unknown

**COMMENTS**:  Sexual assault and sexual harassment are issues that are at the forefront of current social, political, and legal discussions.  This bill, like many others introduced this session, responds to recent revelations of sexual assault across the nation and world.  The "Me Too" and "Time's Up" movements have brought awareness to numerous incidents of sexual violence, many of which occurred years ago and are thus no longer eligible for legal recourse due to the fact that the statute of limitations has expired.  Specifically, this measure seeks to extend the statute of limitations for an adult to bring a civil action for recovery of damages suffered as a result of sexual assault from the current two year statute to ten years.

*The Legislature has the power to create, extend, and change statutes of limitation as it deems appropriate.*  The policy behind statutes of limitations provides that they "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them."  (3 Witkin, California Procedure Section 433, 4th Ed.)

Nonetheless, courts have acknowledged that "the need for repose is not so overarching that the Legislature cannot by express legislative provision allow certain actions to be brought at any time, and it has occasionally done so."  (*Duty v. Abex Corp* (1989) 214 Cal.App.3rd 742, 749, citations omitted.)  The United States Supreme Court has long held that:

> Statutes of limitation find their justification in necessity and convenience rather than in logic.  They represent expedients, rather than principles.  . . . They are by definition arbitrary, and their operation does not discriminate against the just and the unjust claim, or the avoidable or unavoidable delay . . . .  Their shelter has never been regarded as what now is called a "fundamental right" . . . . [T]he history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.  (*Chase Securities Corp. v. Donaldson* (1945) 325 U.S. 304, 314.)

Statutes of limitations reflect the reality that, over time, documents are lost or destroyed, witnesses' memories fade, and evidence erodes.  However, the current laws regarding the statute of limitations for sexual assault claims reflect another reality, namely that victims often have difficulty coming forward soon after the abuse for a variety of reasons, including threats, shame, self-blame, lack of trust, and fear.

**Analysis Prepared by**: Sandra Nakagawa / JUD. / (916) 319-2334          FN: 0004559

# EXHIBIT E

Date of Hearing:   August  28, 2018

ASSEMBLY  COMMITTEE  ON JUDICIARY
Mark Stone, Chair
AB 1619 (Berman)  – As Amended  August  17, 2018

FOR CONCURRENCE

**SUBJECT**:  SEXUAL  ASSAULT:  STATUTES  OF LIMITATION  ON CIVIL ACTIONS

**KEY ISSUE**:  IN ORDER TO ENSURE THAT VICTIMS OF SEXUAL ASSAULT HAVE A
FAIR AND FULL OPPORTUNITY TO RECOVER DAMAGES  FOR THEIR INJURIES,
SHOULD THE STATUTE OF LIMITATIONS FOR SEXUAL ASSAULT CIVIL ACTIONS
BE EXTENDED  FROM TWO YEARS TO TEN YEARS AND SHOULD A DELAYED
DISCOVERY PROVISION BE ADDED TO EXISTING LAW?

**SYNOPSIS**

*Despite the potential lifetime of damage that victims of sexual assault can endure and the time it
may take victims to recognize their injuries and be willing to face their attackers, the state's
current statute of limitations restricts the time for bringing an action to recover for damages
caused by sexual assault to two years following the assault.  According to the bill's  sponsor, the
Association of California Sexual Assault Forensic Examiners (Cal SAFE), survivors of sexual
assault often need more than two years to process and engage with the legal system to seek civil
restitution.  Currently the statute of limitations for sexual assault of an adult is two years.  This
bill would increase the statute of limitations for recovering damages for sexual assault to ten
years from the date of the last act, attempted act, or assault with the intent to commit an act.
Supporters of the measure include health organizations, victims' groups, Consumer Attorneys of
California, and others.  The CSAC Excess Insurance Authority and the California Association of
Joint Powers Authorities are in opposition to the bill and raise concerns about defending against
old claims and the possibility  that this measure would incentive victims to delay bringing claims
forward.*

**SUMMARY**:  Extends the statute of limitations  for any civil action for recovery of damages
suffered as a result of sexual assault and adds a delayed discovery provision.  Specifically, **this
bill**:

1) Establishes  a statute of limitations  specific to sexual assault or attempted sexual assault that
   occurs on or after a plaintiff's 18th birthday.  Specifically  provides that the time for
   commencement  of such action is the later of the following:

   a) Within 10 years from the date of the last act, attempted act, or assault with the intent to
      commit an act, of sexual assault, as defined; or

   b) Within three years from the date the plaintiff  discovers or reasonably should have
      discovered that an injury or illness resulted from an act, attempted, or assault with the
      intent to commit an act, of sexual assault, as defined.

2) Provides that this new statute of limitations  applies to any applicable  action that is
   commenced  on or after January 1, 2019.

**EXISTING LAW**:

1) Provides that an action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another may be commenced within two years. (Code of Civil Procedure Section 335.1. All further statutory references are to this code unless otherwise noted.

2) Generally provides that the time for commencing a civil action for damages is within two years of the injury or death caused by the wrongful act or neglect of another. (Section 340.)

3) Provides that the time for commencing a civil action based on injuries resulting from childhood sexual abuse, as defined, is eight years after the plaintiff reaches majority (*i.e.,* until 26 years of age) or within three years of the date the plaintiff discovers or reasonably should have discovered that the psychological injury or illness occurring after the age of majority was caused by the abuse, whichever occurs later. (Section 340.1 (a).)

4) Provides that a civil action may be commenced within 10 years of the date on which a defendant is discharged from parole, against a defendant convicted of a felony offense, including rape, forced sodomy, forced oral copulation, lewd or lascivious acts against a child under 14, rape in concert, or any act of sexual penetration that is non-consensual. (Section 340.3 (b).)

**FISCAL EFFECT**:  Unknown

**COMMENTS**: Sexual assault and sexual harassment are issues that are at the forefront of current social, political, and legal discussions. This bill, like many others introduced this session, responds to recent revelations of sexual assault across the nation and world. The "Me Too" and "Time's Up" movements have brought awareness to numerous incidents of sexual violence, many of which occurred years ago and are thus no longer eligible for legal recourse due to the fact that the statute of limitations has expired. Specifically, this measure seeks to extend the statute of limitations for an adult to bring a civil action for recovery of damages suffered as a result of sexual assault from the current two years to ten years, with additional time for discovery of the injuries connected to the assault.

***Background on Sexual Assault under Existing Law.*** The Civil Code elaborates that each person is entitled to the "right of protection from bodily restraint or harm, from personal insult, [and] from defamation." (Civil Code Section 43.) This extends the protection to the individual not only from discrimination by the state, but a protection against the actions of any person which harm them. Writes the author:

> According to the Centers for Disease Control and Prevention, one in three women and one in six men experienced sexual violence at some point in their lives. Many sexual assault survivors suffer from physical injuries and mental health conditions such as post-traumatic stress disorder and depression. There is also a significant financial cost after a sexual assault. According to the National Sexual Violence Resource Center, the lifetime cost of rape per sexual assault survivor is $122,461.

> The Legislature has a long history of increasing protections for sexual assault survivors, including extending the statute of limitations for civil damages for child sexual abuse and felony offenses such as rape. AB 1619 would necessarily extend to 10 years the statute of

limitations for sexual assault survivors to recover damages that result from a sexual assault. The current two-year statute of limitations simply does not provide sexual assault survivors adequate time to heal from the physical and emotional trauma of a sexual assault and prepare for a civil case.

***The Legislature has the power to create, extend, and change statutes of limitation as it deems appropriate.*** The policy behind statutes of limitations provides that they "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them." (3 Witkin, California Procedure Section 433, 4th Ed.)

Nonetheless, courts have acknowledged that "the need for repose is not so overarching that the Legislature cannot by express legislative provision allow certain actions to be brought at any time, and it has occasionally done so." (*Duty v. Abex Corp* (1989) 214 Cal.App.3rd 742, 749, citations omitted.) The United States Supreme Court has long held that:

> Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. . . . They are by definition arbitrary, and their operation does not discriminate against the just and the unjust claim, or the avoidable or unavoidable delay . . . . Their shelter has never been regarded as what now is called a "fundamental right" . . . . [T]he history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control. (*Chase Securities Corp. v. Donaldson* (1945) 325 U.S. 304, 314.)

Statutes of limitations reflect the reality that, over time, documents are lost or destroyed, witnesses' memories fade, and evidence erodes. However, the current laws regarding the statute of limitations for sexual assault claims reflect another reality, namely that victims often have difficulty coming forward soon after the abuse for a variety of reasons, including threats, shame, self-blame, lack of trust, and fear.

***ARGUMENTS IN SUPPORT:*** The Association of California Sexual Assault Forensic Examiners, sponsors of the bill, writes:

> Examiners have specialized knowledge to address immediate and long-term medical needs, identify injuries, collect evidence, and provide testimony in a compassionate, trauma-informed manner. Critical to this care, is the understanding that the emotional trauma following sexual assault does not present the same in all survivors and may lead to a delay in seeking medical or legal assistance. The time a survivor needs to process and recover from their assault, enough to engage with the legal system, can take months and even years, certainly longer than the two years currently allowable for many survivors to seek civil restitution.

> Whether a criminal case is filed or not, survivors of sexual assault may also turn to the civil court for recovery of costs related to medical and non-medical needs, which are required for healing. If a survivor awaits the outcome of a criminal case to initiate civil proceedings, they may find their search for justice blocked, if the two years have passed. Given the potential lifetime costs a survivor may face, both immediate and long-term, the

option to recover damages through the civil court is critical. The loss of this option is punitive and possibly injurious to the survivor.

***ARGUMENTS IN OPPOSITION:*** While proponents advocate for a longer statute of limitations, the CSAC Excess Insurance Authority and the California Association of Joint Powers Authorities writes in opposition to the bill in a joint letter, noting:

> Rather than encourage individuals to bring complaints of sexual assault to light as soon as possible so that the matter can be investigated and remedied (if remediation is appropriate), this bill encourages the possible waiting of up to 10 years for an individual to file a lawsuit. While the bill will provide additional time for victims to file claims, it will also likely discourage the timely reporting of claims. If a person over 18 has been subjected to sexual assault, they are aware of the incident immediately and still have up to two years thereafter to file a lawsuit against the perpetrator.

Though it is theoretically possible that a victim of sexual assault could intentionally delay bringing a claim forward due to the increased statute of limitations this bill would provide for, this scenario seems highly unlikely. Understanding the statute of limitations in such cases would require familiarity with recent changes to state law and, out of the many factors that influence an individual's decision on whether or not to bring a claim forward, it is far more reasonable to assume their own comfort with discussing the assault, their understanding of the extent of the injuries caused by the assault, and whether they had access to legal resources would be bigger factors in shaping their decision to bring an action.

***Related Pending Legislation***: AB 334 (Cooper, 2017) would extend the statute of limitations for any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday. This measure is currently in the Senate Committee on Public Safety.

AB 3120 (Gonzalez Fletcher, 2018) would expand the definition of childhood sexual abuse, which would instead be referred to as childhood sexual assault. It would further increase the time limit for commencing an action for recovery of damages suffered as a result of childhood sexual assault to 22 years from the date the plaintiff attains the age of majority or within 5 years of the date the plaintiff discovers or reasonably should have discovered that the psychological injury or illness occurring after the age of majority was caused by sexual assault, whichever is later. This bill is currently on the Senate floor.

***Prior Legislation***: SB 1053 (Beall), Chap. 153, Stats. 2018, exempts claims of childhood sexual abuse against a local public entity, which are already exempt from the Government Tort Claims Act early presentation of claims procedures, from being governed by procedures prescribed in any charter, ordinance, or regulation adopted by the local public entity; and states that this is declarative of existing law.

AB 1312 (Gonzalez Fletcher), Chap. 692, Stats. 2017, requires law enforcement and medical professionals to provide victims of sexual assault with written notification of their rights. Additionally, the bill expands rights to victims of sexual assault, as provided.

SB 1334 (Stone, 2016) would have required a health care practitioner who provides medical services to a patient who discloses that he or she is seeking treatment due to being the victim of

assaultive or abusive conduct, to make a report to a law enforcement agency. This bill was held on the Senate Appropriations Committee Suspense File.

AB 107 (Corbett), Chap. 148, Stats. 2013, repealed a January 1, 2014, sunset date authorizing the use of federal VAWA grant funds to cover the costs of the medical evidentiary examination portion of medical examinations of sexual assault victims.

SB 534 (Corbett), Chap. 360, Stats. 2011, among other things, authorized the use of federal VAWA grant funds for medical forensic examinations of sexual assault victims until January 1, 2014, and set a limit of $300 for the sexual assault medical evidentiary examination.

SB 1887 (McPherson), Chap. 633, Stats. 2002, provided that an action for damages against a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted may be commenced within 10 years of the date on which the defendant is discharged from parole if the conviction was for any of certain serious felonies, as defined, except as specified.

SB 1779 (Burton), Chap. 149, Stats. 2002, provided that actions for childhood sexual abuse may be commenced on or after the plaintiff's 26th birthday if the person or entity against whom the action is commenced knew, had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and implement reasonable safeguards, to avoid future acts of unlawful sexual conduct.

**REGISTERED SUPPORT / OPPOSITION**:

**Support**

Association of California Sexual Assault Forensic Examiners (Cal SAFE) (sponsor)
Alameda Health System – Highland Hospital
California Coalition Against Sexual Assault
California Sexual Assault Investigators Association
Circle of Safe-T, Inc.
Consumer Attorneys of California
Crime Victims United of California
Enloe Medical Center
Forensic Nurse Specialists, Inc.
Los Angeles County + University of Southern California Medical Center, Violence Intervention Program
Santa Barbara County District Attorney

**Opposition**

California Association of Joint Powers Authorities
CSAC Excess Insurance Authority

**Analysis Prepared by**: Sandra Nakagawa / JUD. / (916) 319-2334

# EXHIBIT F

CONCURRENCE IN SENATE AMENDMENTS
AB 1619 (Berman)
As Amended  August 17, 2018
Majority vote

| ASSEMBLY: | (June 1, 2017) | SENATE: | 39-0 | (August 22, 2018) |
|---|---|---|---|---|

(vote not relevant)

COMMITTEE VOTE:  9-0   (August 28, 2018)      RECOMMENDATION:   concur (Jud.)

Original Committee Reference:  **HIGHER ED.**

**SUMMARY**: Extends the statute of limitations for any civil action for recovery of damages suffered as a result of sexual assault. Specifically, **this bill**:

1) Establishes a statute of limitations specific to sexual assault or attempted sexual assault that occurred on or after a plaintiff's 18th birthday. Specifically provides that the time for commencement of such action is the later of the following:

   a) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault; or

   b) Within three years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with the intent to commit an act, of sexual assault.

2) Provides that this new statute of limitations applies to any applicable action that is commenced on or after January 1, 2019.

**The Senate amendments** delete the Assembly version of this bill, and instead extend the statute of limitations for any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, as specified.

**EXISTING LAW**:

1) Provides that an action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another may be commenced within two years. (Code of Civil Procedure Section 335.1. All further statutory references are to this code unless otherwise noted.)

2) Generally provides that the time for commencing a civil action for damages is within two years of the injury or death caused by the wrongful act or neglect of another. (Section 340.)

3) Provides that the time for commencing a civil action based on injuries resulting from childhood sexual abuse, as defined, is eight years after the plaintiff reaches majority (*i.e.,* until 26 years of age) or within three years of the date the plaintiff discovers or reasonably should have discovered that the psychological injury or illness occurring after the age of majority was caused by the abuse, whichever occurs later. (Section 340.1(a).)

4)  Provides that a civil action may be commenced within 10 years of the date on which a defendant is discharged from parole, against a defendant convicted of a felony offense, including rape, forced sodomy, forced oral copulation, lewd or lascivious acts against a child under 14, rape in concert, or any act of sexual penetration that is non-consensual.  (Section 340.3(b).)

**FISCAL EFFECT**:  Unknown

**COMMENTS**:  Sexual assault and sexual harassment are issues that are at the forefront of current social, political, and legal discussions.  This bill, like many others introduced this session, responds to recent revelations of sexual assault across the nation and world.  The "Me Too" and "Time's Up" movements have brought awareness to numerous incidents of sexual violence, many of which occurred years ago and are thus no longer eligible for legal recourse due to the fact that the statute of limitations has expired.  Specifically, this measure seeks to extend the statute of limitations for an adult to bring a civil action for recovery of damages suffered as a result of sexual assault from the current two year statute to ten years.

*The Legislature has the power to create, extend, and change statutes of limitation as it deems appropriate.*  The policy behind statutes of limitations provides that they "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them."  (3 Witkin, California Procedure Section 433, 4th Ed.)

Nonetheless, courts have acknowledged that "the need for repose is not so overarching that the Legislature cannot by express legislative provision allow certain actions to be brought at any time, and it has occasionally done so." (*Duty v. Abex Corp* (1989) 214 Cal.App.3rd 742, 749, citations omitted.)  The United States Supreme Court has long held that:

> Statutes of limitation find their justification in necessity and convenience rather than in logic.  They represent expedients, rather than principles.  . . . They are by definition arbitrary, and their operation does not discriminate against the just and the unjust claim, or the avoidable or unavoidable delay...  Their shelter has never been regarded as what now is called a "fundamental right"...  [T]he history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.  (*Chase Securities Corp. v. Donaldson* (1945) 325 U.S. 304, 314.)

Statutes of limitations reflect the reality that, over time, documents are lost or destroyed, witnesses' memories fade, and evidence erodes.  However, the current laws regarding the statute of limitations for sexual assault claims reflect another reality, namely that victims often have difficulty coming forward soon after the abuse for a variety of reasons, including threats, shame, self-blame, lack of trust, and fear.

**Analysis Prepared by**: Sandra Nakagawa / JUD. / (916) 319-2334          FN: 0004923  FN:

# EXHIBIT G



### *California* LEGISLATIVE INFORMATION

| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**AB-1619 Sexual assault: statutes of limitations on civil actions.** (2017-2018)

| Date | Action |
|------|--------|
| 09/30/18 | Chaptered by Secretary of State - Chapter 939, Statutes of 2018. |
| 09/30/18 | Approved by the Governor. |
| 09/10/18 | Enrolled and presented to the Governor at 3:30 p.m. |
| 08/29/18 | Senate amendments concurred in. To Engrossing and Enrolling. (Ayes 78. Noes 0. Page 6873.). |
| 08/28/18 | From committee: That the Senate amendments be concurred in. (Ayes 9. Noes 0.) (August 28). |
| 08/24/18 | Re-referred to Com. on JUD. pursuant to Assembly Rule 77.2. |
| 08/22/18 | In Assembly. Concurrence in Senate amendments pending. May be considered on or after August 24 pursuant to Assembly Rule 77. |
| 08/22/18 | Read third time. Passed. Ordered to the Assembly. (Ayes 39. Noes 0. Page 5594.). |
| 08/20/18 | Read second time. Ordered to third reading. |
| 08/17/18 | Read second time and amended. Ordered returned to second reading. |
| 08/17/18 | From committee: Amend, and do pass as amended. (Ayes 6. Noes 0.) (August 16). |
| 08/06/18 | In committee: Referred to APPR. suspense file. |
| 06/27/18 | From committee: Do pass and re-refer to Com. on APPR. (Ayes 7. Noes 0.) (June 26). Re-referred to Com. on APPR. |
| 06/20/18 | Re-referred to Coms. on JUD. and APPR. |
| 06/12/18 | Re-referred to Com. on RLS. |
| 06/12/18 | Withdrawn from committee. |
| 06/11/18 | From committee chair, with author's amendments: Amend, and re-refer to committee. Read second time, amended, and re-referred to Com. on ED. |
| 07/05/17 | In committee: Set, first hearing. Hearing canceled at the request of author. |
| 06/28/17 | In committee: Set, first hearing. Failed passage. Reconsideration granted. |
| 06/14/17 | Referred to Coms. on ED. and B., P. & E.D. |
| 06/05/17 | In Senate. Read first time. To Com. on RLS. for assignment. |
| 06/01/17 | Read third time. Passed. Ordered to the Senate. (Ayes 57. Noes 15. Page 2075.) |
| 05/30/17 | Read second time. Ordered to third reading. |
| 05/30/17 | Assembly Rule 63 suspended. (Ayes 52. Noes 24. Page 1776.) |
| 05/30/17 | Read second time and amended. Ordered returned to second reading. |
| 05/26/17 | From committee: Amend, and do pass as amended. (Ayes 12. Noes 4.) (May 26). |
| 05/17/17 | In committee: Set, first hearing. Referred to APPR. suspense file. |
| 04/26/17 | From committee: Do pass and re-refer to Com. on APPR. (Ayes 9. Noes 1.) (April 25). Re-referred to Com. on APPR. |
| 04/18/17 | Re-referred to Com. on HIGHER ED. |
| 04/17/17 | From committee chair, with author's amendments: Amend, and re-refer to Com. on HIGHER ED. Read second time and amended. |
| 03/16/17 | Referred to Com. on HIGHER ED. |
| 02/19/17 | From printer. May be heard in committee March 21. |
| 02/17/17 | Read first time. To print. |