Jay D. Ellwanger (CA Bar No. 217747)
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste. 190
Austin, Texas 78731
(737) 808-2260
(737) 808-2262 (fax)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMÉ BIANCO,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually, MARILYN MANSON RECORDS, INC.,<br><br>Defendants. | **Case No. 2:21−cv−03677 FLA (MARx)**<br><br>**PARTIES' JOINT RULE 26(f) REPORT**<br><br>Date:     December 17, 2021<br>Time:    1:00 p.m.<br>Courtroom: 6B<br><br>**(JURY TRIAL DEMANDED)** |

## PARTIES' JOINT RULE 26(f) REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Esme Bianco, and Defendants, Brian Warner a/k/a Marilyn Manson, individually, and Marilyn Manson Records, Inc. ("Defendants") submit their Joint 26(f) Report:

**a. Statement of the Case**

This is an action brought by Plaintiff seeking damages for sexual assault, sexual battery, and violations of 18 U.S.C. § 1589 ("Trafficking Victims Protection Reauthorization Act" or "TVPRA"). Defendants deny each and every allegation of abuse and trafficking.

1

Plaintiff is an actress and a citizen of the United Kingdom who is best known for her role as "Ros" in the television series "Game of Thrones."

Defendant Brian Warner is a recording artist who resides in Los Angeles. Defendant Marilyn Manson Records, Inc. is a record label established by Defendant Warner.

Plaintiff alleges that from 2009 to 2011, Defendant Warner fraudulently induced her to travel to Los Angeles for film and movie roles that never materialized. Instead, Plaintiff alleges that Defendant sexually abused her on numerous occasions, threatened her with bodily harm, forced her to engage in sexual activity, deprived her of food and sleep, controlled her movements, wardrobe, and contacts, and threatened to sabotage her visa process if she did not comply with his demands.

Defendants deny each and every claim made by Plaintiff, and contend they are false and part of a coordinated attack on Defendant Warner aimed at exploiting and monetizing the #MeToo movement.

Defendants assert numerous affirmative defenses, including failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, lack of standing, that Plaintiff's claims are barred by the applicable statutes of limitations, laches, waiver, estoppel, consent, unclean hands, and failure to mitigate damages.

**b. Subject Matter Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Federal question jurisdiction under 28 U.S.C. § 1331 is implicated by Plaintiff's claims that Defendants violated the TVPRA. This Court has supplemental jurisdiction over Plaintiff's state law sexual assault and sexual battery claims because they form part of the same case or controversy at issue in the federal claims.

**c. Legal Issues**

Key legal issues still to be addressed by the Court include Defendants' anticipated motion for summary judgment that Plaintiff's claims are barred by the applicable statutes of limitations, and possible other grounds depending on the state of discovery.

**d. Parties and Evidence**

*Plaintiff*:

Esme Bianco

*Defendants*:

Brian Warner

Marilyn Manson Records, Inc.

*Percipient Witnesses*:

| | |
|---|---|
| Ashley Walters | Simon Bristow |
| Evan Rachel Wood | Emma Payne |
| Illma Gore | Fraser Knight |
| Bryton Gore | Steve Macauley |
| Jane Doe | Jeordie White |
| Sarah McNeilly | Chris Vrenna |
| Ashley Lindsey Morgan Smithline | Annie Abrams |
| Fred Sablan | Ashley Gore |
| Sasha Denisoff | Francis O'Toole |
| Laney Chantel | Lindsay Usich Warner |
| Spencer Rollins | Tony Ciulla |
| Andy Caldwell | Scarlett Kapella |

3

| | |
|---|---|
| Gabriella Accarino | CariDee English |
| Torii Lynn | Yvonne Nicoletti |
| Louise Kaey Bell | Clare Buley |
| Love Bailey | Michelle Meyer |
| Charlyne Li | Lana Del Rey |
| Ellie Roswell | Eli Roth |
| Jordan Arentz | Justin "Judd" Sherman |
| Bianca Allaine | Dylan Givens |
| Dita Von Teese | Marty Grus |
| Stoya LNU | |

*Evidence*:

| | |
|---|---|
| Photos | Emails |
| Videos | Social Media Posts |
| Text Messages | Contracts |

e. **Damages**

Plaintiff claims damages in excess of $10,000,000.

f. **Insurance**

Defendant Marilyn Manson Records, Inc. is insured under a policy from Scottsdale Insurance Company, which has agreed to afford a defense with respect to the lawsuit under the policy's Employment Practices Coverage Section, subject to a full reservation of rights.

g. **Motions**

The parties do not anticipate filing further motions seeking to add parties or claims, file amended pleadings, or transfer venue. Should Plaintiff's federal claim be dismissed, Defendants may file a motion challenging the court's jurisdiction over the remaining state law claims.

h. **Dispositive Motions**

Defendants intend to file a motion for summary judgment on statute of limitations grounds and any other grounds identified in the course of this litigation. At this time, no other dispositive motions are anticipated.

### i. Manual for Complex Litigation

The parties agree that the construction of the suit and the manner in which it will be conducted are relatively simple. Therefore, the parties do not believe that the Manual for Complex Litigation is necessary for the governance of this case.

### j. Status of Discovery

The parties anticipate serving initial disclosures and written discovery prior to the Scheduling Conference on December 17, 2021.

### k. Discovery Plan

Pursuant to Rule 26(f)(3) the parties agree to the following discovery plan:

a) No changes to the timing, form or requirement for disclosures under Rule 26(a) are necessary. Initial disclosures will be made prior to the Scheduling Conference set for December 17, 2021.

b) The parties anticipate that discovery will be conducted on the following topics: each of Plaintiff's claims individually and collectively; all of Defendants' defenses individually and collectively; Plaintiff's travel and medical records from the relevant time period; Defendants' travel, medical, and business records from the relevant time period; Plaintiff's visa/immigration records from the relevant time period; Defendants' hiring and payroll records from the relevant time period; Defendants' net worth at the relevant time period; communication records between Plaintiff and Defendants relevant to any claim or defense; communication records between any party and a third party

relevant to any claim or defense; physical evidence relating to any claim or defense; photographic evidence related to any claim or defense; social media posts or other publications related to any claim or defense; and any other nonprivileged documentation related to any claim or defense. The parties reserve the right to request discovery outside of the parameters of this plan if it becomes necessary, so long as the requests comply with the Federal Rules of Civil Procedure governing discovery.

c) No issues regarding disclosure, discovery, or preservation of electronically stored information are anticipated as of the filing of this report. Electronically stored information should be produced in its original form whenever possible.

d) The parties do not anticipate any issues about claims of privilege or protection of trial preparation materials, and do not anticipate the need for the court to issue any order pertaining to privilege or protection.

e) No changes or additions to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules are necessary.

l. **Discovery Cut-off**

The parties agree that the completion of all fact discovery will occur on or before January 13, 2023.

m. **Expert Discovery**

The parties are agreed that initial expert witness disclosures will be completed on or before January 20, 2023. Rebuttal expert witness disclosures will occur on or before February 3, 2023. The parties are agreed that the cut-off for expert discovery will fall on February 17, 2023.

n. **Settlement Conference/Alternative Dispute Resolution ("ADR")**

3

No substantive settlement negotiations have occurred. However, the parties agree that private mediation would be the beneficial, and all parties commit to conducting a private mediation prior to trial.

**o. Trial Estimate**

Defendants believe that trial can be conducted in four days and that many of the witnesses identified by Plaintiff cannot supply relevant or admissible testimony. Plaintiff anticipates that trial may realistically take somewhere between six and eight days due to the number of witnesses and the amount of evidence at issue in this case. Defendants contemplate calling 4-6 witnesses, while Plaintiffs contemplate calling approximately 10-15 witnesses.

Plaintiff believes that 6-8 trial days is reasonable given the volume of material to be admitted into evidence, the high-profile nature of the case necessitating greater security measures than usual, and the sensitive nature of much of the information to be presented at trial. This case involves allegations of assault, abuse, and trafficking that span several years. Plaintiff respectfully requests the time to fully make her case to the jury, and believes that limiting trial to four days or less would unfairly prejudice her.

**p. Trial Counsel**

**For Plaintiff Esme Bianco:**

Jay D. Ellwanger (CA Bar No. 217747)
David W. Henderson (TX Bar No. 24032292) (*pro hac vice* to be filed)
Meghan V. Romere (TX Bar No. 24125843) (*pro hac vice* to be filed)
ELLWANGER LAW LLLP

**For Defendants Brian Warner a/k/a Marilyn Manson and Marilyn Manson Records, Inc.:**

Howard E. King (CA Bar No. 77012)
Jon G. Snow (CA Bar No. 280790)
KING, HOLMES, PATERNO & SORIANO, LLP

4

q. **Independent Expert or Master**

The parties agree that the appointment of an independent expert or special master is unnecessary in this case.

r. **Schedule Worksheet**

Please see the attached schedule worksheet.

s. **Other Issues**

The parties wish to highlight for the Court that a similar case involving substantially similar causes of action against the same defendant is pending in this Court as *Ashley Lindsey Morgan Smithline v. Warner, et al*, Case No. 2:21-cv-5289.

Dated: December 3, 2021

Jay D. Ellwanger
California Bar No. 217747
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway
Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
(737) 808-2260
(737) 808-2262 (facsimile)
Attorney for Plaintiff

Dated: December 3, 2021

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Howard E. King*
 HOWARD E. KING
Attorneys for Defendants BRIAN WARNER and MARILYN MANSON RECORDS, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger