KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Defendants BRIAN WARNER and MARILYN MANSON RECORDS, INC.

Counsel for Plaintiff Listed on Signature Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ESMÉ BIANCO,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually; MARILYN MANSON RECORDS, INC.,<br><br>Defendants. | CASE NO. 2:21-CV-3677-FLA-MAR<br><br>**JOINT STIPULATION TO MODIFY DATES IN SCHEDULING ORDER; DECLARATION OF HOWARD E. KING**<br><br>*Proposed Order lodged concurrently*<br><br>The Hon. Fernando L. Aenlle-Rocha<br><br>SAC Filed: May 12, 2022<br>Trial Date: March 21. 2023 |

3310.090/1841433.1

1  Plaintiff Esmé Bianco ("Plaintiff") and Defendants Brian Warner a/k/a
2  Marilyn Manson and Marilyn Manson Records, Inc. ("Defendants," and collectively
3  with Plaintiff, the "Parties"), by and through their respective counsel of record,
4  hereby stipulate and agree as follows:

5  **WHEREAS,** on December 17, 2022, the Court issued a Scheduling Order
6  providing that the cut-off for fact discovery in this matter is Friday, October 28,
7  2022; the deadline for initial expert disclosures is Friday, November 4, 2022; the
8  deadline for rebuttal expert disclosures is Friday, November 18, 2022; the cut-off for
9  expert discovery is Friday, December 2, 2022; the last date to hear dispositive
10 motions is Friday, January 6, 2023; the deadline to complete private mediation is
11 Friday, January 27, 2023; the deadline for the first round of trial filings is Friday,
12 February 3, 2023; the deadline for the second round of trial filings is Friday,
13 February 17, 2023; the date of the final pretrial conference is Friday, March 3, 2023,
14 at 3:00 p.m.; and the trial date in this matter is Tuesday, March 21, 2023, at 8:30
15 a.m., 4-8 days (estimated) (ECF No. 34) (King Decl. ¶ 3);

16 **WHEREAS**, while the Parties have acted diligently and cooperatively in
17 discovery, they agree they need additional time to engage in and complete further
18 discovery, and to resolve outstanding discovery disputes without motion practice
19 (King Decl. ¶ 4);

20 **WHEREAS**, in February and March 2022, the Parties served requests for
21 production of documents and written interrogatories upon each other (King Decl. ¶
22 5);

23 **WHEREAS**, while the Parties have produced documents and served written
24 responses in response to each other's requests, both sides continue to assert
25 outstanding discovery issues which they have been working cooperatively to resolve
26 in the meet-and-confer process without motion practice (*Id.*);

27 **WHEREAS**, this action concerns certain events alleged to have occurred
28 more than ten years ago, which has required additional time and efforts from the

Parties to search for and collect relevant information (King Decl. ¶ 7);

**WHEREAS**, on May 12, 2022, Plaintiff filed a Second Amended Complaint ("SAC") alleging two additional claims against Defendant Warner (ECF No. 40) (King Decl. ¶ 8);

**WHEREAS**, on May 26, 2022, Defendants moved to dismiss the SAC's two additional claims pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction to adjudicate the new claims, and pursuant to Rule 12(b)(6), asserting that the SAC's two additional claims fail to state a cause of action (ECF No. 42) (*Id.*);

**WHEREAS**, on June 24, 2022, the Court took Defendants' motion to dismiss under submission (*Id.*);

**WHEREAS**, if Defendants' motion is denied, the SAC's two additional claims and any affirmative defenses Defendants assert thereto would broaden the scope of discovery in this action (*Id.*);

**WHEREAS**, the Parties have cooperatively noticed and scheduled two third-party witness depositions to take place this month, but need additional time to notice and schedule additional third party depositions on mutually agreeable dates, including because numerous third party witnesses are represented by independent counsel who have separate litigation obligations that give rise scheduling conflicts (King Decl. ¶ 9);

**WHEREAS**, the Parties have engaged in productive discussions regarding the scheduling and scope of a Rule 35(b)(6) medical examination of Plaintiff, but need additional time to complete further discovery in order to potentially resolve all issues pertaining to the scheduling and scope of such an examination by stipulation without motion practice (King Decl. ¶ 10);

**WHEREAS**, to accommodate the additional time needed to complete certain discovery, and to avoid motion practice, the Parties agree that good cause exists to extend the fact-discovery and other case deadlines by approximately three months,

subject to Court approval (King Decl. ¶ 11);

**WHEREAS**, extending the remaining case deadlines by approximately three months would afford the Parties sufficient time to receive, review, and meet and confer (if necessary) regarding outstanding discovery responses and document productions, work cooperatively with third parties to schedule depositions on mutually agreeable dates, and proceed with further discovery. It would also promote litigation efficiency and further the interests of judicial economy;

**WHEREAS**, the Parties have not previously requested a continuance of any case scheduling dates (King Decl. ¶ 12);

**NOW, THEREFORE**, subject to Court approval, Plaintiff and Defendants hereby stipulate and agree that:

1. The October 28, 2022 deadline for fact discovery is extended by approximately three months through and including Friday, January 27, 2023;

2. The November 4, 2022 deadline for expert disclosure is extended by approximately three months through and including Friday, February 3, 2023;

3. The November 18, 2022 deadline for rebuttal expert disclosure is extended by approximately three months through and including Friday, February 17, 2023;

4. The December 2, 2022 deadline for expert discovery is extended by approximately three months through and including Friday, March 3, 2023;

5. The January 6, 2023 deadline to hear dispositive motions is extended by approximately three months to Friday, April 7, 2023;

6. The January 27, 2023 deadline to complete private mediation is extended by approximately three months to Friday, April 28, 2023;

7. The February 3, 2023 deadline for the first round of trial filings is extended by approximately three months to Friday, May 5, 2023;

8. The February 17, 2023 deadline for the second round of trial filings is extended by approximately three months to Friday, May 19, 2023;

9. The March 3, 2023 final pretrial conference is continued by approximately three months to Friday, June 2, 2023, at 3:00 p.m., or any date thereafter that is convenient for the Court's calendar;

10. The March 21, 2023 trial, 4-8 days (estimated), is continued by approximately three months approximately three months to Tuesday, June 20, 2023, at 8:30 a.m., or any date thereafter that is convenient for the Court's calendar.

**IT IS SO STIPULATED.**

DATED: August 3, 2022          KING, HOLMES, PATERNO & SORIANO, LLP

By: ___/s/ Howard E. King___
HOWARD E. KING
Attorneys for Defendants BRIAN WARNER and MARILYN MANSON RECORDS, INC.

DATED: Augusts 3, 2022         ELLWANGER LAW LLLP

By: ___/s/ Jay D. Ellwanger___
JAY D. ELLWANGER
Attorneys for Plaintiff ESMÉ BIANCO

**FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 3, 2022

By: /s/ Howard E. King
HOWARD E. KING

3310.090/1841433.1

**DECLARATION OF HOWARD E. KING**

I, Howard E. King, declare as follows:

1. I am an active member in good standing of the State Bar of California and have been admitted to practice before this Court. I am a partner with King, Holmes, Paterno & Soriano, LLP, counsel of record for Defendants Brian Warner and Marilyn Manson Records, Inc. ("Defendants") in this action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiff Esmé Bianco ("Plaintiff") and Defendants' (collectively, the "Parties") Joint Stipulation to Modify Dates in the Scheduling Order.

3. On December 17, 2022, the Court issued a Scheduling Order providing that the cut-off for fact discovery in this matter is Friday, October 28, 2022; the deadline for initial expert disclosures is Friday, November 4, 2022; the deadline for rebuttal expert disclosures is Friday, November 18, 2022; the cut-off for expert discovery is Friday, December 2, 2022; the last date to hear dispositive motions is Friday, January 6, 2023; the deadline to complete private mediation is Friday, January 27, 2023; the deadline for the first round of trial filings is Friday, February 3, 2023; the deadline for the second round of trial filings is Friday, February 17, 2023; the date of the final pretrial conference is Friday, March 3, 2023, at 3:00 p.m.; and the trial date in this matter is Tuesday, March 21, 2023, at 8:30 a.m., 4-8 days (estimated) (ECF No. 34).

4. Following the Court's Scheduling Order, the Parties have acted diligently and cooperatively in discovery, but they agree they need additional time to engage in and complete further discovery, and to resolve outstanding discovery disputes without motion practice.

5. In February and March 2022, the Parties served requests for production of documents and written interrogatories upon each other. Both Parties have made

document productions and served written responses in response to each other's discovery requests. Nevertheless, both sides continue to assert outstanding discovery issues with respect to each other's productions and responses. For the past several months, the Parties have been working cooperatively in the meet-and-confer process in attempt to resolve these issues without motion practice. Since April 2022, the Parties have exchanged numerous written meet-and-confer letters and emails, and participated in numerous telephonic conferences regarding discovery, which have resulted in progress on their disputes. Thus far, the Parties have avoided the need for any motion practice regarding discovery. However, given the approaching October 28, 2022 fact discovery cut-off, both Parties have stated that they are now prepared to and will need file motions to compel on certain discovery issues that they believe could still be resolved informally if allotted additional time to conduct discovery. I believe a three-month continuance of the fact discovery cut-off would help facilitate a resolution of these issues.

7. Because this action concerns certain events alleged to have occurred more than ten years ago, it has also required additional time and effort from the Parties to search for and collect relevant information. This has contributed to the Parties' inability to resolve all of their outstanding discovery disputes as of the present date.

8. Additionally, on May 12, 2022, Plaintiff filed a Second Amended Complaint ("SAC") alleging two additional claims against Defendant Warner (ECF No. 40). On May 26, 2022, Defendants moved to dismiss the SAC's two additional claims pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction to adjudicate the new claims, and pursuant to Rule 12(b)(6), asserting that the SAC's two additional claims fail to state a cause of action (ECF No. 42). On June 24, 2022, the Court took Defendants' motion to dismiss under submission. If Defendants' motion is denied, the SAC's two additional claims and any affirmative defenses Defendants assert thereto would

broaden the scope of discovery in this action. Defendants have not yet conducted discovery on those claims in light of their assertion that the Court lacks subject matter jurisdiction to adjudicate them.

9. I believe the current fact discovery cut-off will also make it difficult to schedule necessary third-party depositions on dates that are mutually agreeable for the Parties, the third parties, and all counsel involved. Thus far, the Parties have cooperatively noticed and scheduled two third-party witness depositions to take place this month. However, I anticipate approximately ten additional third party depositions will need to be conducted and many of those witnesses are represented by their own independent counsel who have separate litigation obligations that give rise scheduling conflicts.

10. Further, while the Parties have engaged in productive discussions regarding the scheduling and scope of a Rule 35(b)(6) medical examination of Plaintiff, they are currently at an impasse regarding the timing and scope of that examination. Defendants are prepared to and will need to file a motion to order the examination shortly if the discovery schedule is not extended. Given the productive discussions between counsel, however, I believe that motion may be unnecessary if the Parties are allotted additional time to complete other outstanding discovery issues that may aid in a stipulation as to the timing and scope of Plaintiff's examination.

11. Based on the foregoing, the Parties believe good cause exists to modify the scheduling order in the manner requested in their joint stipulation.

12. The Parties have not requested or been granted any previous continuance of the trial and other dates/deadlines and there have not been any delays in trial to date.

/ / /

/ / /

/ / /

1    Executed on this 3rd day of August, 2022, at Los Angeles, California.

2    I declare under penalty of perjury that the foregoing is true and correct.

                                                    /s/ *Howard E. King*
                                                    Howard E. King