Jay D. Ellwanger (CA Bar No. 217747)
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste. 190
Austin, Texas 78731
(737) 808-2260
(737) 808-2262 (fax)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ESME BIANCO,

        Plaintiff,

    v.

BRIAN WARNER a/k/a MARILYN
MANSON, individually, MARILYN
MANSON RECORDS, INC.,

        Defendants.

**Case No. 2:21−cv−03677 FLA (MARx)**

**MEMORANDUM IN SUPPORT OF
THIRD-PARTY WITNESS ASHLEY
LINDSEY MORGAN SMITHLINE'S
OPPOSED MOTION TO MODIFY
SUBPOENA**

**(JURY TRIAL DEMANDED)**

## MEMORANDUM IN SUPPORT OF THIRD-PARTY WITNESS ASHLEY LINDSEY MORGAN SMITHLINE'S OPPOSED MOTION TO MODIFY SUBPOENA

Third-Party Witness Ashley Lindsey Morgan Smithline; ("Ms. Smithline"),

by and through her attorneys, submits this Memorandum in Support of her Opposed

Motion to Modify Subpoena. In support thereof, Plaintiff submits the following:

### I.    BACKGROUND

On July 13, 2022 Defendants issued a subpoena to take the oral and

videotaped deposition of Ashley Lindsey Morgan Smithline ("Ms. Smithline"). The subpoena commanded Ms. Smithline to appear for a deposition remotely on August 17, 2021. This date was agreed upon by counsel for both parties, as well as Ms. Smithline herself.

Prior to the date of the deposition, Counsel for both parties agreed to extend the date for two weeks until August 30, 2022. Pursuant to this agreement, Defendants issued another subpoena on August 23, 2022, commanding Ms. Smithline to appear remotely on August 30, 2022. However, the relationship between Ms. Smithline and her counsel then irreparably broke down, resulting in the pending withdrawal of Ms. Smithline's counsel from her own case against Defendants, *Ashley Lindsey Morgan Smithline v. Brian Warner et al. Case No. 2:21-cv-5289-RGK(AFMx)*. *See* Dkt. No. 23.

Counsel for Ms. Smithline informed Counsel for Defendants of the pending withdrawal multiple times, and on August 29, 2022 formally requested that the deposition be removed from the calendar to allow Ms. Smithline the opportunity to secure adequate representation before the deposition would be rescheduled. Counsel for Defendants refused to reschedule the deposition. Due to this refusal, Ms. Smithline has timely filed this Motion pursuant to Rule 45(d)(3)(A). *See Amtrust North America, Inc. v. Safebuilt Insurance Services, Inc.*, 2016 WL 5469257 (E. D. Cal. 2016) ("[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena").

**MOTION TO MODIFY SUBPOENA**

## II.   ARGUMENT

Pursuant to Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it: fails to allow a reasonable time to comply; requires a person to comply beyond the specified geographical limits; requires disclosure of privileged or other protected matter; <u>or subjects a person to undue burden</u>. FED. R. CIV. P. 45(d)(3)(A); *Strike 3 Holdings, LLC v. Doe*, 2021 WL 4814989 (C. D. Cal. May 18, 2021) (emphasis added). In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party. *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S. D. Cal. 2014) (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C. D. Cal. 2005).

Defendants' subpoena in its current form places an undue burden upon Ms. Smithline. Not only would Ms. Smithline be forced to testify at a deposition, either unrepresented, or represented by counsel who has already filed a motion to withdraw form representing her. Additionally, the parties deposing her are the very same parties she has asserted claims against in her own lawsuit, represented by the same attorneys. Allowing the subpoena to stand in its current form would heavily prejudice Ms. Smithline.

Additionally, the modification requested would not impact the value of the information to Defendants, nor would it burden them significantly, as the Court

**MOTION TO MODIFY SUBPOENA**

recently extended all deadlines in this case by 90 days, including the deadline to conduct fact discovery. *See* Dkt. No. 47. Allowing Ms. Smithline reasonable time to secure adequate representation at her deposition ensures a fair and equitable proceeding and does not prejudice Defendants in any way.

## **CONCLUSION**

For these reasons, Ms. Smithline asks this Court to grant her Motion to Modify the Subpoena to provide Ms. Smithline 90 days to secure representation by new counsel prior to the date of her deposition.

Dated: August 29, 2022

Respectfully submitted

 */s/ Jay D. Ellwanger*
Jay D. Ellwanger
California Bar No. 217747
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Hwy.,
Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
Telephone: (737) 808-2260
Facsimile:   (737) 808-2238

**COUNSEL FOR MS. SMITHLINE**