1  KING, HOLMES, PATERNO & SORIANO, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  JOHN G. SNOW, ESQ., STATE BAR NO. 280790
   JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
3  JSNOW@KHPSLAW.COM
   1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
4  LOS ANGELES, CALIFORNIA 90067-4506
   TELEPHONE: (310) 282-8989
5  FACSIMILE:  (310) 282-8903

6  Attorneys for Defendant
   BRIAN WARNER

7

8

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  ESMÉ BIANCO,                          CASE NO. 2:21-CV-3677-FLA-MAR

13           Plaintiff,                   **DECLARATION OF HOWARD E.
                                          KING IN SUPPORT OF
14      vs.                               DEFENDANT BRIAN WARNER'S
                                          OPPOSITION TO MOTION TO
15  BRIAN WARNER a/k/a MARILYN            MODIFY SUBPOENA**
    MANSON, individually; MARILYN
16  MANSON RECORDS, INC.,                 Date:    Sept. 30, 2022
                                          Time:    1:30 pm
17           Defendants.                  Crtrm.:  790

18                                        The Hon. Margo A. Rocconi

19

20

21

22

23

24

25

26

27

28

### **Declaration of Howard E. King**

I, Howard E. King, declare the following pursuant to 28 USC § 1746:

1.     I am an attorney licensed to practice law before this court and serve as counsel for Brian Warner in the above-captioned action.  The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     On May 15, 2022, I received two voicemails on my office phone.  The caller identified herself as Ashley Morgan Smithline.  She said she "fired" her "former attorney," and wanted to speak to me.  I did not speak with her.  I searched the number and it appeared to be associated with Ms. Smithline based on public records.

3.     Attached hereto as **Exhibit A** is a true and correct copy of an email exchange between myself and Jay Ellwanger from June 30 to July 1, 2022.

4.     Attached hereto as **Exhibit B** is a true and correct copy of an excerpt of an email exchange between attorneys in my office and Mr. Ellwanger from July 11 to July 12, 2022.

5.     Attached hereto as **Exhibit C** is a true and correct copy of the subpoena and notice of deposition my office served on July 12, 2022.

6.     Attached hereto as **Exhibit D** is a true and correct copy of an email exchange between attorneys in my office and Mr. Ellwanger from August 10 to August 16, 2022.

7.     Attached hereto as **Exhibit E** is a true and correct copy of an email exchange between myself and Mr. Ellwanger on August 16, 2022.

8.     Attached hereto as **Exhibit F** is a true and correct copy of an email received from Mr. Ellwanger's office on August 16, 2022.

9.     Attached hereto as **Exhibit G** is a true and correct copy of a purported privilege log received from Mr. Ellwanger's office on August 17, 2022.

10.     Attached hereto as **Exhibit H** is a true and correct copy of an email exchange between myself and Mr. Ellwanger from August 16 to 18, 2022.

11.     Attached hereto as **Exhibit I** is a true and correct copy of an email exchange between attorneys in my office and Mr. Ellwanger from August 16 to 25, 2022.

12.     Attached hereto as **Exhibit J** is a true and correct copy of an email exchange between myself and Mr. Ellwanger from August 25 to 26, 2022.

13.     Attached hereto as **Exhibit K** is a true and correct copy of an email exchange between myself and Mr. Ellwanger from August 25 to 29, 2022.

14.     Attached hereto as **Exhibit L** is a true and correct copy of Instagram messages between Ms. Smithline and a third party that I received on August 29, 2022.

15.     Attached hereto as **Exhibit M** is a true and correct copy of an email exchange between myself and Mr. Ellwanger from August 25 to 30, 2022.

16.     Attached hereto as **Exhibit N** is a true and correct copy of Instagram messages between Ms. Smithline and a third party that I received on August 30, 2022.

17.     Attached hereto as **Exhibit O** is a true and correct copy of an email exchange between myself, Ms. Smithline, and Mr. Ellwanger on August 30, 2022.

18.     Attached hereto as **Exhibit P** is a true and correct copy of an email I received from Ms. Smithline on August 30, 2022.

19.     Attached hereto as **Exhibit Q** is a true and correct copy of an email I received from Ms. Smithline on August 30, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 1, 2022

_____*/s/ Howard E. King*_____
Howard E. King

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of September 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

DATED:    September 1, 2022    KING, HOLMES, PATERNO & SORIANO, LLP


By:      */s/ Howard E. King*
            HOWARD E. KING
Attorneys for Defendant BRIAN WARNER

**EXHIBIT A**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Friday, July 1, 2022 11:57 AM |
| **To:** | Howard King |
| **Cc:** | John Snow; Jackson Trugman; Karen Sloane; Meghan Romere |
| **Subject:** | RE: Bianco v Warner |

You have been misinformed.  Subsequent to our conversation, Howard, I confirmed our continued representation of her and she rejected your settlement overture.

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His



**From:** Howard King <hking@khpslaw.com>
**Sent:** Friday, July 1, 2022 1:54 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane
<ksloane@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Bianco v Warner

Jay

Please confirm you still represent Smithline. She continues to tell people she has terminated your services and is no longer pursuing her claims.


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8999
Facsimile:  310-282-8903
Email:       hking@khpslaw.com

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Friday, July 1, 2022 11:49 AM
**To:** Howard King <hking@khpslaw.com>

1

**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Bianco v Warner

Howard,

Ready to work with you to make sure we have a confirmed schedule to move the discovery process forward for both sides.  Accordingly, please also confirm that you are also prepared to produce Mr. Warner for deposition in the next 30 days.

Thanks,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His



***

**From:** Howard King <hking@khpslaw.com>
**Sent:** Friday, July 1, 2022 1:24 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** RE: Bianco v Warner

What date can we select for this deposition subpoena? We would prefer that it occur in the next 30 days?

Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8999
Facsimile:   310-282-8903
Email:       hking@khpslaw.com

***

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Friday, July 1, 2022 11:19 AM
**To:** Howard King <hking@khpslaw.com>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** RE: Bianco v Warner

Howard,

Yes, I can accept service.  However, before we start depositions in this case, I think we should work together to work out an overall schedule for depositions.   This will of course include your client.

Thanks,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His



---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, June 30, 2022 1:53 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** Bianco v Warner

Jay

Can you accept service of  a deposition subpoena for your other client, Ashley Morgan Smithline, to provide testimony in the Bianco case? We are looking at August dates for her deposition.

Thanks


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8999
Facsimile:   310-282-8903
Email:      hking@khpslaw.com

**EXHIBIT B**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Tuesday, July 12, 2022 12:43 PM |
| **To:** | John Snow |
| **Cc:** | Howard King; Jackson Trugman; Karen Sloane; Eniko Weinberger; Meghan Romere |
| **Subject:** | RE: Bianco v. Warner |

John,

We have confirmed Ms. Smithline's availability for a video deposition on Wednesday, August 17th.  Given the time difference between London and Los Angeles, we would ask that you notice the deposition as early as possible that morning.  If 8:00 a.m. is possible, that would be 4:00 p.m. in London.

We will accept service of the subpoena.

Thanks,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
*he/him/his*



**From:** Jay Ellwanger
**Sent:** Monday, July 11, 2022 1:25 PM
**To:** John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Cc:** Howard King <hking@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Eniko Weinberger <eweinberger@khpslaw.com>
**Subject:** RE: Bianco v. Warner

John,

You've made some incorrect assumptions on your end.  As I said, I'll revert to you with dates of availability as soon as possible.

Thanks,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)

**EXHIBIT C**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Eniko Weinberger |
| **Sent:** | Tuesday, July 12, 2022 5:44 PM |
| **To:** | jellwanger@equalrights.law |
| **Cc:** | Howard King; Stephen D. Rothschild; John Snow; Jackson Trugman; Karen Sloane |
| **Subject:** | Esme Bianco vs. Brian Warner et al. (3310.090) |
| **Attachments:** | ASHLEY LINDSEY MORGAN SMITHLINE SUBPOENA.pdf; Notice of the Videotaped Deposition of Third-Party Ashley Lindsey Morgan Smithline, 2022.07.12.pdf |

Dear Mr. Ellwanger,

Please see attached for service:

1. Notice of the videotaped deposition of third-party Ashley Lindsey Morgan Smithline
2. Subpoena to Testify at a Deposition in a Civil Action

**Eniko Weinberger** | EWeinberger@khpslaw.com
Secretary to
John G. Snow, Esq.
Jackson S. Trugman, Esq.
**King, Holmes, Paterno & Soriano, LLP**
1900 Ave of the Stars, 25th Floor, Los Angeles, CA 90067
direct: 310.282.8956 | fax: 310.282.8903
www.khpslaw.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ESMÉ BIANCO | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-CV-3677-FLA-MAR |
| BRIAN WARNER, a/k/a MARILYN MANSON, individually; MARILYN MANSON RECORDS, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ASHLEY LINDSEY MORGAN SMITHLINE, c/o Jay D. Ellwanger, 8310-1 N. Capital of Texas Hwy., Ste. 190, Austin, Texas 78731, Tel: (737) 808-2260

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Deposition is to be taken remotely and coordinated by Veritext Legal Solutions (Email: kvilla@veritext.com) | Date and Time: 08/17/2022 8:00 am (PST) |
|---|---|

The deposition will be recorded by this method: Stenographically and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All written communications with Esmé Bianco, Evan Rachel Wood, and/or Ashley Gore aka Illma Gore regarding Brian Warner, including but not limited to text messages, emails, social media messages, and any other direct messages.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/12/2022

*CLERK OF COURT*

OR

/s/ Howard E. King

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
BRIAN WARNER a/k/a MARILYN MANSON                    , who issues or requests this subpoena, are:

Howard E. King, 1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067, Hking@khpslaw.com, (310) 282-8989

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:21-CV-3677-FLA-MAR

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **PROOF OF SERVICE**

**Esme Bianco vs Brian Warner**
**Case No. : 2:21-cv-03677 FLA (MARx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On July 12, 2022, I served true copies of the following document(s) described as **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**  on the interested parties in this action as follows:

ASHLEY LINDSAY MORGAN SMITHLINE
c/o Jay D. Ellwanger, Esq.
ELLWANGER LAW LLP
8310-1 N. Capital of Texas Highway, Ste 190
Austin, Texas 78731
Tel: (737) 808-2260
Facsimile: (737) 808-2262
Email: jellwanger@equalrights.law

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Eweinberger@khpslaw.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2022, at Los Angeles, California.

_/s/ Eniko Weinberger_
Eniko Weinberger

KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
JSNOW@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Defendants BRIAN
WARNER AND MARILYN MANSON
RECORDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ESMÉ BIANCO,<br><br>              Plaintiff,<br><br>       vs.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually, MARILYN MANSON RECORDS, INC.,<br><br>              Defendants. | CASE NO. 2:21-cv-03677-FLA-MAR<br><br>**NOTICE OF THE VIDEOTAPED DEPOSITION OF THIRD-PARTY ASHLEY LINDSEY MORGAN SMITHLINE**<br><br>Date:  August 17, 2022<br>Time: 8:00 a.m. (PST)<br>Place: Via Video Conference<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br><br>Action Commenced:  April 30, 2021 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendants will take the deposition of third-party Ashley Lindsey Morgan Smithline on **Wednesday, August 17, 2022** at **8:00 a.m. (PST)**.  Pursuant to the agreement of the parties, the deposition will be held via video conference, coordinated by Veritext Legal Solutions.  The information to connect to the video conference will be provided prior to the date of deposition.

/ / /

1  The deposition, if not completed on the date specified, will continue from
2  day-to-day thereafter until completed, weekends and holidays excluded.  The
3  deposition will be taken before a certified shorthand reporter or other officer who is
4  authorized by law to administer oaths and take testimony pursuant to Rule 28(a) of
5  the Federal Rules of Civil Procedure and will be recorded stenographically and by
6  videotape.
7  Please contact the noticing attorney at least five (5) calendar days prior to the
8  deposition to advise that it is your desire to appear via remote means so that the
9  necessary credentials, call-in numbers, email address, services, testing and
10  information, if necessary, can be arranged and provided to you prior to the
11  proceedings(s).
12  PLEASE TAKE FURTHER NOTICE that the testimony at said deposition
13  will also be recorded by videotape.  Defendants reserves the right to use the
14  videotape recording of this deposition at the time of trial or other proceeding.
15  PLEASE TAKE FURTHER NOTICE that Defendants reserves the right to
16  conduct this deposition utilizing a paperless exhibit display process called Exhibit
17  Share provided and supported by Veritext Legal Solutions, or a similar exhibit-
18  display software.  The parties are advised that one paper set of exhibits will be
19  utilized at the deposition by the court reporter.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

KING, HOLMES,
PATERNO &
SORIANO, LLP

2

1    Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena to

2  Testify at a Deposition in a Civil Action served on Ashley Lindsey Morgan

3  Smithline and compelling the Witness's attendance at the deposition.

4

5  DATED:       July 12, 2022          KING, HOLMES, PATERNO &
                                       SORIANO, LLP
6

7

8                                      By:    _/s/ Howard E. King_
9                                              HOWARD E. KING
10                                     Attorneys for Defendants BRIAN WARNER
                                       AND MARILYN MANSON RECORDS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ESMÉ BIANCO | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-CV-3677-FLA-MAR |
| BRIAN WARNER, a/k/a MARILYN MANSON, individually; MARILYN MANSON RECORDS, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     ASHLEY LINDSEY MORGAN SMITHLINE, c/o Jay D. Ellwanger, 8310-1 N. Capital of Texas Hwy., Ste. 190, Austin, Texas 78731, Tel: (737) 808-2260

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Deposition is to be taken remotely and coordinated by Veritext Legal Solutions (Email: kvilla@veritext.com) | Date and Time: 08/17/2022 8:00 am (PST) |
|---|---|

The deposition will be recorded by this method:     Stenographically and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All written communications with Esmé Bianco, Evan Rachel Wood, and/or Ashley Gore aka Illma Gore regarding Brian Warner, including but not limited to text messages, emails, social media messages, and any other direct messages.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   7/12/2022

*CLERK OF COURT*

OR

|   |   |
|---|---|
|   | /s/ Howard E. King |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
BRIAN WARNER a/k/a MARILYN MANSON                    , who issues or requests this subpoena, are:

Howard E. King, 1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067, Hking@khpslaw.com, (310) 282-8989

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:21-CV-3677-FLA-MAR

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                             *Server's signature*

                                         _____
                                             *Printed name and title*


                                         _____
                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# <u>CERTIFICATE OF SERVICE</u>

**Esmé Bianco vs. Brian Warner a/k/a Marilyn Manson, et al.**
**Case No. 2:21-cv-03677-FLA-MAR**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On July 12, 2022, I served true copies of the following document(s) described as **NOTICE OF THE VIDEOTAPED DEPOSITION OF ASHLEY LINDSEY MORGAN SMITHLINE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address eweinberger@khpslaw.com to the persons at the e-mail addresses listed in the Service List.

Executed on July 12, 2022, at Los Angeles, California.

*/s/ Eniko Weinberger*
Eniko Weinberger

**SERVICE LIST**
**Esmé Bianco vs. Brian Warner a/k/a Marilyn Manson, et al.**
**Case No. 2:21-cv-03677-FLA-MAR**

Jay D. Ellwanger, Esq.                          Attorney for Plaintiff
ELLWANGER LAW LLP                               Esmé Bianco
7310-1 N. Capital of Texas Highway, Ste 190
Austin, Texas  78731
Tel:    (737) 808-2260
Facsimile: (737) 808-2262
Email:  iellwanger@equalrights.law

**EXHIBIT D**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Tuesday, August 16, 2022 2:15 PM |
| **To:** | Howard King |
| **Cc:** | John Snow; Meghan Romere; Jackson Trugman; Karen Sloane; Docketing |
| **Subject:** | RE: Bianco v. Warner |

Howard,

Pursuant to our conversation, Ms. Smithline will not be able to attend the deposition you have subpoenaed for tomorrow due to medical reasons.  We appreciate your agreement to not require that we file a Motion for Protection to excuse her attendance.  We have placed a tentative hold for two weeks from today (8/30) to conduct the deposition if she is medically able to do so at that point.

Sincerely,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His



**From:** Howard King <hking@khpslaw.com>
**Sent:** Tuesday, August 16, 2022 3:20 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** Re: Bianco v. Warner

Office

Howard E. King, Esq.
King, Holmes, Paterno & Soriano
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
310 282 8999

On Aug 16, 2022, at 1:19 PM, Jay Ellwanger <jellwanger@equalrights.law> wrote:

Okay, I can call in ten.  Office or cell?

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His
<image001.png>

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Tuesday, August 16, 2022 3:10 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** RE: Bianco v. Warner

You can call me now if you like


Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Tuesday, August 16, 2022 1:08 PM
**To:** John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Cc:** Howard King <hking@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>
**Subject:** RE: Bianco v. Warner

John,

Do you have time for a call?  Say in the next 1-2 hours?  It is somewhat urgent.

Thanks,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His

**From:** John Snow <JSnow@khpslaw.com>
**Sent:** Wednesday, August 10, 2022 12:48 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>; Meghan Romere <mromere@equalrights.law>
**Cc:** Howard King <hking@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane
<ksloane@khpslaw.com>
**Subject:** Bianco v. Warner

Jay,

Can you please let us know when you will be producing Ms. Bianco's communications with Ms. Smithline? To avoid any disputes and the need to reopen Ms. Smithline's deposition, we request that those communications and the documents requested directly from Ms. Smithline be produced no later than 48 hours before the deposition. *See All Star Seed v. Nationwide Agribusiness Ins. Co.*, 2013 WL 1882260, at *6 (S.D. Cal. May 3, 2013) (finding good cause to reopen depositions to question witnesses about belatedly produced documents).

Thanks,
John

**John G. Snow, Esq.** | JSnow@khpslaw.com
**King, Holmes, Paterno & Soriano, LLP**
1900 Ave of the Stars, 25th Floor, Los Angeles, CA 90067
direct: 310.282.8947 | fax: 310.282.8903
www.khpslaw.com

**EXHIBIT E**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Howard King |
| **Sent:** | Tuesday, August 16, 2022 2:28 PM |
| **To:** | Jay Ellwanger |
| **Cc:** | John Snow; Jackson Trugman; Karen Sloane; Dina Webb |
| **Subject:** | Bianco v Warner |

Jay

This confirms our conversation regarding the deposition of your other client, Ashley Lindsay Morgan Smithline, duly set for tomorrow. Based on your representation that she is unable to testify tomorrow due to emergency psychiatric issues and on your agreements set forth below, we have rescheduled the deposition for August 30, 2022 at a time to be determined based on the witness' location.

You have promised to provide us, before August 30,  with a written report  from her treating professional confirming that Ms. Smithline was medically unable to appear tomorrow and setting forth any further purported restrictions (including the basis therefore) that might affect her ability to sit for deposition on August 30.

You also promised to complete a full document production today in response to both the Smithline subpoena in the Bianco case and the document production request to Bianco.

You have taken Lindsay Usich's deposition off calendar.

You will bear any court reporter/videographer costs incurred due to the cancellation.

Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: hking@khpslaw.com

**EXHIBIT F**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Adrian Cabello <acabello@equalrights.law> |
| **Sent:** | Tuesday, August 16, 2022 8:00 PM |
| **To:** | Jackson Trugman; Howard King; John Snow; Karen Sloane; Dina Webb |
| **Cc:** | Jay Ellwanger; Meghan Romere |
| **Subject:** | RE: Bianco v. Warner- Plaintiff's Confidential Supplemental Production 8.16.2022 |

Counsel,

Attached please find Plaintiff's confidential supplemental production, labeled BIANCO_014049-014124.

The documents can be accessed via this secure link: https://spaces.hightail.com/space/M490RYxJt0

Thank you,

Adrian Cabello | Paralegal | Ellwanger Law LLLP
400 S Zang Blvd, Suite 600
Dallas, Texas 75208
(737) 808-2260
acabello@equalrights.law
www.ellwangerlaw.com
*he/him/his*

---

**From:** Adrian Cabello
**Sent:** Tuesday, August 16, 2022 6:07 PM
**To:** Jackson Trugman <jtrugman@khpslaw.com>; Howard King <hking@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Cc:** Jay Ellwanger <jellwanger@equalrights.law>; Meghan Romere <mromere@equalrights.law>
**Subject:** Bianco v. Warner- Plaintiff's Confidential Supplemental Production 8.16.2022

Counsel,

Please find Plaintiff's confidential supplemental production, bearing bates label BIANCO_001103-014048.

The documents can be accessed via this secure link: https://themcsgroup.sharefile.com/d-sc2c6694e3e8849b28a0dca5b2b30c868

The password to access the files is: **wCx/2nx[s2{-qT"#**

Thank you,

Adrian Cabello | Paralegal | Ellwanger Law LLLP
400 S Zang Blvd, Suite 600
Dallas, Texas 75208
(737) 808-2260
acabello@equalrights.law
www.ellwangerlaw.com
*he/him/his*

**EXHIBIT G**

**Privilege Log**

| Bates No. | Type of Document | Author | Recipient | Date | Subject | Action Taken | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| BIANCO_014053 | Direct Message | Esme Bianco | Ashley Smithline | 3/5/2021 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014054 | Direct Message | Ashley Smithline | Esme Bianco | 3/6/2021 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014057 | Direct Message | Ashley Smithline | Esme Bianco | 3/22/2021 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014061 | Direct Message | Esme Bianco | Ashley Smithline | 5/5/2021 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014112 | Direct Message | Esme Bianco | Ashley Smithline | 1/14/2022 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014114 | Direct Message | Ashley Smithline | Esme Bianco | 1/15/2022 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014115 | Direct Message | Ashley Smithline | Esme Bianco | 1/15/2022 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014116 | Direct Message | Ashley Smithline | Esme Bianco | 1/15/2022 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |
| BIANCO_014117 | Direct Message | Ashley Smithline | Esme Bianco | 1/15/2022 | Attorney communications | Redacted | Attorney/Client Privilege, Common Interest Privilege, and/or Joint Defense Privilege |

**EXHIBIT H**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Thursday, August 18, 2022 3:52 PM |
| **To:** | Howard King |
| **Cc:** | John Snow; Jackson Trugman; Karen Sloane; Dina Webb |
| **Subject:** | Re: Bianco v Warner |

I already told you she's in Los Angeles, as am I for about ten more minutes.  If you have information to the contrary, then share it.  If your "unverified source" is Instagram, then you might not be totally familiar with how that app works.

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 18, 2022 1:35:00 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

You do not know on which continent your client currently exists?


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 18, 2022 1:30 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Howard,

BIANCO 14049-14124 plus the privilege log were responsive to the subpoena.  Sorry if that wasn't made clear in the production e-mail.

I have no information that your unverified sources are correct.

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His

1



**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 18, 2022 11:56 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Jay

Will you be producing the promised Smithline documents today? They were due yesterday.

On a different front, you represented that Ms. Smithline could not appear yesterday as she had traveled to Los Angeles for emergency psychiatric treatment. Unverified sources have informed us that Ms. Smithline remains in London. I realize the limitations on information you might be getting from your client, but are you certain that she is in Los Angeles?


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Howard King
**Sent:** Wednesday, August 17, 2022 12:50 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Jay

I do not believe we received the promised full Smithline document production in response to the subpoena.


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Howard King <hking@khpslaw.com>
**Sent:** Tuesday, August 16, 2022 2:28 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** Bianco v Warner

Jay

This confirms our conversation regarding the deposition of your other client, Ashley Lindsay Morgan Smithline, duly set for tomorrow. Based on your representation that she is unable to testify tomorrow due to emergency psychiatric issues and on your agreements set forth below, we have rescheduled the deposition for August 30, 2022 at a time to be determined based on the witness' location.

You have promised to provide us, before August 30,  with a written report  from her treating professional confirming that Ms. Smithline was medically unable to appear tomorrow and setting forth any further purported restrictions (including the basis therefore) that might affect her ability to sit for deposition on August 30.

You also promised to complete a full document production today in response to both the Smithline subpoena in the Bianco case and the document production request to Bianco.

You have taken Lindsay Usich's deposition off calendar.

You will bear any court reporter/videographer costs incurred due to the cancellation.

Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: hking@khpslaw.com

**EXHIBIT I**

## Jackson Trugman

| | |
|---|---|
| **From:** | Jackson Trugman |
| **Sent:** | Thursday, August 25, 2022 4:25 PM |
| **To:** | 'Jay Ellwanger'; Howard King; 'Meghan Romere' |
| **Cc:** | John Snow; Karen Sloane; Dina Webb |
| **Subject:** | RE: Bianco v Warner |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Jay and Meghan:

Please let me know today whether by tomorrow Ms. Smithline will be producing the documents requested below, that were due last week.  If she won't be, please provide times tomorrow you can meet and confer as required by LR 37 and MJ Rocconi's rules.

If we don't hear from you, we intend to submit the following email to chambers requesting a pre-motion teleconference per MJ Rocconi's requirements.  Please provide Ms. Smithline's position for part 3, and confirm dates for part 1.

(1) Proposed times – [Defendants propose September 1 at 10 am, September 2 at 10 am, or September 6 at 10 am.]
(2) Neutral statement of the dispute – Defendants contend that third party Ashley Smithline has not complied with a subpoena directed to her and has not established that redacted documents are privileged.
(3) One sentence describing each party's position –
   a. Defendants' position –  Third party Ashley Smithline (who also is plaintiff in a similar case in CD Cal.) has not complied with a subpoena in this action because she produced a mere four documents (two of which are not even hers), which themselves show she is withholding other responsive documents, and she redacted documents between non-lawyers either without explanation or on the supposed grounds they are privileged; she also asked to postpone her deposition the day before, and has indicated she will not appear at the rescheduled date on August 30.
   b. Smithline's position –

Thank you.

**Jackson S. Trugman, Esq.** | JTrugman@khpslaw.com
**King, Holmes, Paterno & Soriano, LLP**
direct: 310.282.8955

---

**From:** Jackson Trugman
**Sent:** Wednesday, August 24, 2022 1:50 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>; Howard King <hking@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Jay and Meghan,

We asked you a number of times whether we got a complete production from Ms. Smithline in response to the subpoena.  You provided the evasive answer that "BIANCO 14049-14124 plus the privilege log were responsive to the subpoena," but you avoided confirming that the production was complete.  It's not.

*First*, the production comprises only four message threads, two of which appear to come from Ms. Bianco, not Ms. Smithline.  There is (1) an Instagram thread between Ms. Smithline and Ms. Bianco, from Ms. Bianco's account (BIANCO_014049-94); (2) a message thread from an unknown app (perhaps Signal) between Ms. Smithline and Ms. Bianco, from Ms. Bianco's account (BIANCO_014095-105); (3) a group message from an unknown app (perhaps Signal) between Ms. Smithline and Ms. Bianco (BIANCO_014106-20), and (4) a group message from an unknown app (perhaps Signal) among Ms. Smithline and Ms. Bianco and others (BIANCO_014121024).  She produced no emails or text messages (SMS, iMessage, etc.).

Ms. Smithline's failure to provide a complete production is confirmed by the documents she did produce.  As noted above, she produced only two brief message threads from her own accounts, when there appear to be more, including those produced from Ms. Bianco's accounts.  In fact, the messages from Ms. Bianco's accounts expressly reference other responsive communications that were not produced.  For example, on May 5, 2021, Ms. Bianco states "I sent you a message on signal btw," to which Ms. Smithline responds "i'll signal."  BIANCO_014062; *see also* BIANCO_014053.  Yet Ms. Smithline produced no Signal chats with Ms. Bianco from May 5, 2021.  At the same page, Ms. Smithline tells Ms. Bianco, "you can text me," yet Ms. Smithline produced no text messages.

Further, the production contains no communications with Evan Rachel Wood or Ashley Gore aka Illma Gore, even though Ms. Smithline was communicating with both.  *See e.g.,* BIANCO_014118.  And the communications you did produce were out of order and missing pages/messages.  There are missing pages (1) before BIANCO_014061, (2) before BIANCO_014095, (3) after BIANCO_014101, and (4) before BIANCO_14102.

We need all responsive documents produced no later than this Friday—they were due on August 17.  Ms. Smithline did not serve any objections, and she did not move for a protective order.  There is no basis to withhold.  If you contend that the production is complete as is, we need you to state this clearly in writing (by Friday) so we can discuss with Ms. Smithline at her deposition and seek sanctions as appropriate.

*Second*, you have not substantiated the redactions to communications between Ms. Smithline and Ms. Bianco, and they must be produced unredacted.  For the redactions you logged, you describe them as "attorney communication."  But there is no attorney on the communication, and there are no other communications on the log involving counsel.  You also describe redactions as potentially covered by a so-called "joint defense privilege," but it is unclear how that could apply in this context—Smithline and Bianco are plaintiffs in separate proceedings.  This assertion also fails because "the joint defense privilege . . . presupposes the existence of an otherwise valid underlying privilege, such as the attorney-client privilege, which has not been shown to be present."  *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645 (C.D. Cal. 2005).

There are also redactions for which no information has been provided in the privilege log (BIANCO_14055, BIANCO_14062).  Since no basis has been provided for the redactions, they must be produced unredacted.  *See* FRCP 45(e)(2)(A).

Confirm you will provide unredacted copies of each item on the privilege log, as well as the unlogged redacted documents, by Friday of this week.

Separate from the glaring issues with Ms. Smithline's documents, you have not confirmed that she will appear on August 30 as agreed.  Please confirm.

Regards,


**Jackson S. Trugman, Esq.**  |  JTrugman@khpslaw.com
**King, Holmes, Paterno & Soriano, LLP**
direct: 310.282.8955

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 18, 2022 3:52 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** Re: Bianco v Warner

I already told you she's in Los Angeles, as am I for about ten more minutes.  If you have information to the contrary, then share it.  If your "unverified source" is Instagram, then you might not be totally familiar with how that app works.

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 18, 2022 1:35:00 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

You do not know on which continent your client currently exists?


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 18, 2022 1:30 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Howard,

BIANCO 14049-14124 plus the privilege log were responsive to the subpoena.  Sorry if that wasn't made clear in the production e-mail.

I have no information that your unverified sources are correct.

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
He/Him/His



**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 18, 2022 11:56 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Jay

Will you be producing the promised Smithline documents today? They were due yesterday.

On a different front, you represented that Ms. Smithline could not appear yesterday as she had traveled to Los Angeles for emergency psychiatric treatment. Unverified sources have informed us that Ms. Smithline remains in London. I realize the limitations on information you might be getting from your client, but are you certain that she is in Los Angeles?


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Howard King
**Sent:** Wednesday, August 17, 2022 12:50 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** RE: Bianco v Warner

Jay

I do not believe we received the promised full Smithline document production in response to the subpoena.


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Howard King <hking@khpslaw.com>
**Sent:** Tuesday, August 16, 2022 2:28 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** John Snow <JSnow@khpslaw.com>; Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; Dina Webb <dwebb@khpslaw.com>
**Subject:** Bianco v Warner

Jay

This confirms our conversation regarding the deposition of your other client, Ashley Lindsay Morgan Smithline, duly set for tomorrow. Based on your representation that she is unable to testify tomorrow due to emergency psychiatric issues and on your agreements set forth below, we have rescheduled the deposition for August 30, 2022 at a time to be determined based on the witness' location.

You have promised to provide us, before August 30,  with a written report  from her treating professional confirming that Ms. Smithline was medically unable to appear tomorrow and setting forth any further purported restrictions (including the basis therefore) that might affect her ability to sit for deposition on August 30.

You also promised to complete a full document production today in response to both the Smithline subpoena in the Bianco case and the document production request to Bianco.

You have taken Lindsay Usich's deposition off calendar.

You will bear any court reporter/videographer costs incurred due to the cancellation.


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: hking@khpslaw.com

**EXHIBIT J**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Howard King |
| **Sent:** | Friday, August 26, 2022 9:43 AM |
| **To:** | Jay Ellwanger |
| **Cc:** | Jackson Trugman; Karen Sloane; John Snow; Meghan Romere; Gene Williams |
| **Subject:** | RE: Smithline deposition |

Will Ms. Smithline be here in person for her deposition on Tuesday? Will her delinquent document production be implemented today?

Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 5:07 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

And yes, Ms. Smithline does consent to my withdrawal.

Get Outlook for iOS

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 6:47 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Howard,

You know full well that I ethically can't provide more information to you regarding this type of motion than I have already provided.  Per what evidently seems to be your request, I will tell the Court in my motion that you are opposed to my withdrawal.

Copying Gene as your position on this issue will also be attributed to him and his firm, and he has a right to know the course of action you are requiring that I take.

Jay

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 25, 2022 6:40 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow

1

<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Jay,

You haven't given us enough information to evaluate your motion, including whether Ms. Smithline has consented to the withdrawal. Regardless, this issue will not be resolved before Tuesday's deposition, at which Ms. Smithline is required to appear. Because you did not respond to my note on the start time, we will keep it at the noticed start time of 8am PT.

Jackson Trugman has also pointed out your failure to produce documents that should have been part of the "full production" of Smithline's documents responsive to the subpoena that you promised would be produced last week.

Howard


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 2:46 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Howard,

As we discussed last week, we agreed that in order to seek additional continuances of Ms. Smithline's deposition I would ultimately need to provide to you (and the Court) a written assessment from Ms. Smithline's psychiatrist that she is unable to participate in litigation due to the current status of her mental health.  For reasons which I am ethically required to keep confidential, I cannot provide this written assessment.

Accordingly,  I am going to have to file a Motion to Withdraw as counsel for Ms. Smithline.  Please let me know if you oppose the Motion.

Sincerely,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
*he/him/his*



**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 25, 2022 1:22 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>
**Subject:** Smithline deposition

We set it for 8am on Tuesday on the assumption she will be in the UK. If she is here, we can set it for a later time if you prefer. If she is here, we request that she  appear in person for her deposition.


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: hking@khpslaw.com

**EXHIBIT K**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Monday, August 29, 2022 2:49 PM |
| **To:** | Howard King |
| **Cc:** | Jackson Trugman; Karen Sloane; John Snow; Meghan Romere; Gene Williams |
| **Subject:** | Re: Smithline deposition |

Our position is that the filing of the Motion for Protection operates to stay compliance with the subpoena, so Ms. Smithline will not be appearing tomorrow.

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 4:16:35 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

You are not at all clear. If your motion for protection is not granted today, will Ms. Smithline appear for her deposition tomorrow at 8am?

Howard E. King, Esq.
King, Holmes, Paterno & Soriano
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
310 282 8999

On Aug 29, 2022, at 2:14 PM, Jay Ellwanger <jellwanger@equalrights.law> wrote:

Howard,

We are preparing to file a Motion for Protection to prevent tomorrow's deposition from going forward, after first requesting that you voluntarily reschedule the deposition to save the Court the trouble of ruling on this issue after we already had to file a Motion to Withdraw as Ms. Smithline's counsel.  And I informed the court reporter that we would be filing the Motion for Protection.

Could I have been any clearer?

Jay

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 4:05 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow

<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Jay

Is she showing up for her deposition tomorrow or not? I have not cancelled the videographer or court reporter.

Howard E. King, Esq.
King, Holmes, Paterno & Soriano
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
310 282 8999

On Aug 29, 2022, at 11:36 AM, Jay Ellwanger <jellwanger@equalrights.law> wrote:


I just filed a motion to withdraw as her lawyer and you are asking me what the grounds are for filing a motion to move the deposition she is scheduled for tomorrow? I'm clear on that, right? Because I absolutely will be including this exchange in our Certificate of Conference.

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 1:30:04 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow
<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

What are the grounds? She was supposed to appear 2 weeks ago for her duly subpoenaed deposition, an appearance confirmed on multiple occasions by you. On the day before her appearance, you represented that she had flown to the United States to obtain emergency psychiatric treatment and therefore could not appear. Rather than forcing you to make a motion for protection at that time, we made a professional accommodation to you to continue the deposition date.

You promised to nonetheless immediately complete a full document production, representing that you already had the responsive documents in your possession. Apparently, that representation was not accurate as the prmised production was not made.

You also promised written evidence from the treating professional of Ms. Smithline's medical inability to have attended the deposition. You also failed to provide that documentation.

Finally, you promised Ms. Smithline would appear for her deposition tomorrow. You have ignored multiple questions from me seeking confirmation she will appear tomorrow for her deposition.

So, yes, we oppose and would ask that this entire email be included as part of your motion.


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 11:22 AM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow
<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Howard,

Please confirm you oppose the Motion for Protection we are filing on behalf of Ashley Smithline.

Thanks,

Jay

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 11:51:20 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow
<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition


We will not be taking the delayed deposition off calendar


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 9:15 AM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow
<JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

Howard,

As you know, I filed my Motion to Withdraw as counsel for Ms. Smithline on August 27th.  I am writing to ask your
agreement to take Ms. Smithline's deposition in the *Bianco v. Warner, et al* case off tomorrow's calendar to allow Ms.
Smithline time to secure replacement counsel.  If you will not agree to do so, we will need to file a Motion for Protection
on behalf of Ms. Smithline today, since the Court has obviously not yet ruled on our Motion to Withdraw.

Please let us know by 12:00 Pacific whether you will agree to take the deposition off calendar.  I cannot make a specific
representation as to when Ms. Smithline could be available to reschedule; in our Motion to Withdraw we asked the
Court for a 90 day extension of current discovery deadlines in *Smithline v. Warner, et al*.

Sincerely,

3

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
*he/him/his*
<image001.png>

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Friday, August 26, 2022 11:43 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

Will Ms. Smithline be here in person for her deposition on Tuesday? Will her delinquent document production be implemented today?


Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 5:07 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

And yes, Ms. Smithline does consent to my withdrawal.

Get Outlook for iOS

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 6:47 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Howard,

You know full well that I ethically can't provide more information to you regarding this type of motion than I have already provided.  Per what evidently seems to be your request, I will tell the Court in my motion that you are opposed to my withdrawal.

Copying Gene as your position on this issue will also be attributed to him and his firm, and he has a right to know the course of action you are requiring that I take.

Jay

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 25, 2022 6:40 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Jay,

You haven't given us enough information to evaluate your motion, including whether Ms. Smithline has consented to the withdrawal. Regardless, this issue will not be resolved before Tuesday's deposition, at which Ms. Smithline is required to appear. Because you did not respond to my note on the start time, we will keep it at the noticed start time of 8am PT.

Jackson Trugman has also pointed out your failure to produce documents that should have been part of the "full production" of Smithline's documents responsive to the subpoena that you promised would be produced last week.

Howard


Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 2:46 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Howard,

As we discussed last week, we agreed that in order to seek additional continuances of Ms. Smithline's deposition I would ultimately need to provide to you (and the Court) a written assessment from Ms. Smithline's psychiatrist that she is unable to participate in litigation due to the current status of her mental health.  For reasons which I am ethically required to keep confidential, I cannot provide this written assessment.

Accordingly,  I am going to have to file a Motion to Withdraw as counsel for Ms. Smithline.  Please let me know if you oppose the Motion.

Sincerely,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law

[www.ellwangerlaw.com](www.ellwangerlaw.com)
*he/him/his*
<image001.png>

---

**From:** Howard King <[hking@khpslaw.com](mailto:hking@khpslaw.com)>
**Sent:** Thursday, August 25, 2022 1:22 PM
**To:** Jay Ellwanger <[jellwanger@equalrights.law](mailto:jellwanger@equalrights.law)>
**Cc:** Jackson Trugman <[jtrugman@khpslaw.com](mailto:jtrugman@khpslaw.com)>; Karen Sloane <[ksloane@khpslaw.com](mailto:ksloane@khpslaw.com)>; John Snow <[JSnow@khpslaw.com](mailto:JSnow@khpslaw.com)>
**Subject:** Smithline deposition

We set it for 8am on Tuesday on the assumption she will be in the UK. If she is here, we can set it for a later time if you prefer. If she is here, we request that she  appear in person for her deposition.


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: [hking@khpslaw.com](mailto:hking@khpslaw.com)

**EXHIBIT L**













18:07

JE

Jay

a Plaintiff in a federal court lawsuit. If you fire me, you'll have to hire another lawyer to replace me or represent yourself pro se in the lawsuit. And, the judge would have to approve any motion to withdraw as your lawyer.

I don't care about the media and your case. You wanted me to find a producer and director to do a documentary movie about you, so I did (they emailed me today, BTW). The CNN piece is off because they are shutting down CNN+. And you went to People magazine before you ever hired me. So if you don't ever want to speak to the media again, I'm fine with that. I don't care about that.

But you are right in the middle of a lawsuit, so firing me is a little more complicated than sending a text message.

And I am honestly very concerned about you—this is all very different

iMessage

Reply...





**EXHIBIT M**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Jay Ellwanger <jellwanger@equalrights.law> |
| **Sent:** | Tuesday, August 30, 2022 12:13 PM |
| **To:** | Howard King |
| **Cc:** | Jackson Trugman; Karen Sloane; John Snow; Meghan Romere; Gene Williams |
| **Subject:** | Re: Smithline deposition |

You do not have my consent.  Thank you for alerting me.

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Tuesday, August 30, 2022 11:18:35 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

I just got a phone call from Ashley Smithline who blurted out to  me that you were fired as her lawyer in April and have not been truthful about the reasons you failed to produce her for deposition. I told her that I could not speak with her and that I would immediately let you know of the call, which I am doing.

Please let me know if I have your consent to speak directly to Ms. Smithline.



Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 3:15 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Hopefully within the next hour or so but I've already told Veritext we are filing.  We are going as fast as we can.

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 3:04:58 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

When will that filing occur? We have less than an hour to cancel the court reporter, etc without incurring costs.


Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 2:49 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Our position is that the filing of the Motion for Protection operates to stay compliance with the subpoena, so Ms. Smithline will not be appearing tomorrow.

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 4:16:35 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

You are not at all clear. If your motion for protection is not granted today, will Ms. Smithline appear for her deposition tomorrow at 8am?

Howard E. King, Esq.
King, Holmes, Paterno & Soriano
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
310 282 8999

On Aug 29, 2022, at 2:14 PM, Jay Ellwanger <jellwanger@equalrights.law> wrote:


Howard,

We are preparing to file a Motion for Protection to prevent tomorrow's deposition from going forward, after first requesting that you voluntarily reschedule the deposition to save the Court the trouble of ruling on this issue after we already had to file a Motion to Withdraw as Ms. Smithline's counsel.  And I informed the court reporter that we would be filing the Motion for Protection.

Could I have been any clearer?

Jay

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 4:05 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Jay

Is she showing up for her deposition tomorrow or not? I have not cancelled the videographer or court reporter.

Howard E. King, Esq.
King, Holmes, Paterno & Soriano
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
310 282 8999

On Aug 29, 2022, at 11:36 AM, Jay Ellwanger <jellwanger@equalrights.law> wrote:

I just filed a motion to withdraw as her lawyer and you are asking me what the grounds are for filing a motion to move the deposition she is scheduled for tomorrow? I'm clear on that, right? Because I absolutely will be including this exchange in our Certificate of Conference.

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 1:30:04 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

What are the grounds? She was supposed to appear 2 weeks ago for her duly subpoenaed deposition, an appearance confirmed on multiple occasions by you. On the day before her appearance, you represented that she had flown to the United States to obtain emergency psychiatric treatment and therefore could not appear. Rather than forcing you to make a motion for protection at that time, we made a professional accommodation to you to continue the deposition date.

You promised to nonetheless immediately complete a full document production, representing that you already had the responsive documents in your possession. Apparently, that representation was not accurate as the prmised production was not made.

You also promised written evidence from the treating professional of Ms. Smithline's medical inability to have attended the deposition. You also failed to provide that documentation.

Finally, you promised Ms. Smithline would appear for her deposition tomorrow. You have ignored multiple questions from me seeking confirmation she will appear tomorrow for her deposition.

So, yes, we oppose and would ask that this entire email be included as part of your motion.

Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 11:22 AM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Howard,

Please confirm you oppose the Motion for Protection we are filing on behalf of Ashley Smithline.

Thanks,

Jay

Get Outlook for iOS

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Monday, August 29, 2022 11:51:20 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

We will not be taking the delayed deposition off calendar

Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Monday, August 29, 2022 9:15 AM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

Howard,

As you know, I filed my Motion to Withdraw as counsel for Ms. Smithline on August 27th.  I am writing to ask your agreement to take Ms. Smithline's deposition in the *Bianco v. Warner, et al* case off tomorrow's calendar to allow Ms. Smithline time to secure replacement counsel.  If you will not agree to do so, we will need to file a Motion for Protection on behalf of Ms. Smithline today, since the Court has obviously not yet ruled on our Motion to Withdraw.

Please let us know by 12:00 Pacific whether you will agree to take the deposition off calendar.  I cannot make a specific representation as to when Ms. Smithline could be available to reschedule; in our Motion to Withdraw we asked the Court for a 90 day extension of current discovery deadlines in *Smithline v. Warner, et al*.

Sincerely,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
*he/him/his*
<image001.png>

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Friday, August 26, 2022 11:43 AM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** RE: Smithline deposition

Will Ms. Smithline be here in person for her deposition on Tuesday? Will her delinquent document production be implemented today?

Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 5:07 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

And yes, Ms. Smithline does consent to my withdrawal.

Get Outlook for iOS

---

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 6:47 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>; Gene Williams <gfwilliams@grsm.com>
**Subject:** Re: Smithline deposition

Howard,

You know full well that I ethically can't provide more information to you regarding this type of motion than I have already provided.  Per what evidently seems to be your request, I will tell the Court in my motion that you are opposed to my withdrawal.

Copying Gene as your position on this issue will also be attributed to him and his firm, and he has a right to know the course of action you are requiring that I take.

Jay

Get Outlook for iOS

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 25, 2022 6:40 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Jay,

You haven't given us enough information to evaluate your motion, including whether Ms. Smithline has consented to the withdrawal. Regardless, this issue will not be resolved before Tuesday's deposition, at which Ms. Smithline is required to appear. Because you did not respond to my note on the start time, we will keep it at the noticed start time of 8am PT.

Jackson Trugman has also pointed out your failure to produce documents that should have been part of the "full production" of Smithline's documents responsive to the subpoena that you promised would be produced last week.

Howard



Howard King
King, Holmes, Paterno & Soriano, LLP

**From:** Jay Ellwanger <jellwanger@equalrights.law>
**Sent:** Thursday, August 25, 2022 2:46 PM
**To:** Howard King <hking@khpslaw.com>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>; Meghan Romere <mromere@equalrights.law>
**Subject:** RE: Smithline deposition

Howard,

As we discussed last week, we agreed that in order to seek additional continuances of Ms. Smithline's deposition I would ultimately need to provide to you (and the Court) a written assessment from Ms. Smithline's psychiatrist that she is unable to participate in litigation due to the current status of her mental health.  For reasons which I am ethically required to keep confidential, I cannot provide this written assessment.

Accordingly,  I am going to have to file a Motion to Withdraw as counsel for Ms. Smithline.  Please let me know if you oppose the Motion.

Sincerely,

**Jay D. Ellwanger | Partner | Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas  78731
(737) 808-2262 (o) & (f)
(512) 731-7467 (m)
jellwanger@equalrights.law
www.ellwangerlaw.com
*he/him/his*
<image001.png>

---

**From:** Howard King <hking@khpslaw.com>
**Sent:** Thursday, August 25, 2022 1:22 PM
**To:** Jay Ellwanger <jellwanger@equalrights.law>
**Cc:** Jackson Trugman <jtrugman@khpslaw.com>; Karen Sloane <ksloane@khpslaw.com>; John Snow <JSnow@khpslaw.com>
**Subject:** Smithline deposition

We set it for 8am on Tuesday on the assumption she will be in the UK. If she is here, we can set it for a later time if you prefer. If she is here, we request that she  appear in person for her deposition.


Howard E. King, Esq.
King, Holmes, Paterno & Soriano, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone: 310-282-8999
Facsimile: 310-282-8903
Email: hking@khpslaw.com

**EXHIBIT N**







**EXHIBIT O**

**Jackson Trugman**

| | |
|---|---|
| **From:** | Howard King |
| **Sent:** | Tuesday, August 30, 2022 11:33 AM |
| **To:** | ashley lindsay morgan |
| **Cc:** | Jay Ellwanger; John Snow; Jackson Trugman; Karen Sloane |
| **Subject:** | RE: Ellwanger |

I know you told me that you were no longer represented by counsel, but as long as Jay Ellwanger is your counsel of record, I am not permitted to communicate with you absent his consent.

Howard King
King, Holmes, Paterno & Soriano, LLP

---

**From:** ashley lindsay morgan ███████████████████
**Sent:** Tuesday, August 30, 2022 11:05 AM
**To:** Howard King <hking@khpslaw.com>
**Subject:** Fwd: Ellwanger

For a "me too" lawyer, man doesn't listen to the word no, innit?

sent from my ash phone

Begin forwarded message:

> **From:** ashley lindsay morgan ███████████████████
> **Date:** 30 August 2022 at 11:02:37 GMT-7
> **To:** hkong@khpslaw.com
> **Subject: Ellwanger**







sent from my ash phone

**EXHIBIT P**

**Jackson Trugman**

---

| | |
|---|---|
| **From:** | ashley lindsay morgan ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| **Sent:** | Tuesday, August 30, 2022 5:18 PM |
| **To:** | Howard King |
| **Cc:** | Jay Ellwanger; John Snow; Jackson Trugman; Karen Sloane |
| **Subject:** | Re: Ellwanger |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Short of me saying you're sacked and I fire you, what can I do?

sent from my ash phone


> On 30 Aug 2022, at 11:33, Howard King <hking@khpslaw.com> wrote:
>
> I know you told me that you were no longer represented by counsel, but as long as Jay Ellwanger is your counsel of record, I am not permitted to communicate with you absent his consent.
>
>
> Howard King
> King, Holmes, Paterno & Soriano, LLP
>
> ---
>
> **From:** ashley lindsay morgan ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> **Sent:** Tuesday, August 30, 2022 11:05 AM
> **To:** Howard King <hking@khpslaw.com>
> **Subject:** Fwd: Ellwanger
>
> For a "me too" lawyer, man doesn't listen to the word no, innit?
>
> sent from my ash phone
>
> Begin forwarded message:
>
>> **From:** ashley lindsay morgan ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
>> **Date:** 30 August 2022 at 11:02:37 GMT-7
>> **To:** hkong@khpslaw.com
>> **Subject: Ellwanger**







sent from my ash phone

**EXHIBIT Q**

**Jackson Trugman**

| | |
|---|---|
| **From:** | ashley lindsay morgan ████████████████ |
| **Sent:** | Tuesday, August 30, 2022 5:18 PM |
| **To:** | Howard King |
| **Cc:** | Jay Ellwanger; John Snow; Jackson Trugman; Karen Sloane |
| **Subject:** | Re: Ellwanger |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Do you see how he's lying. I would trust a fruit bat more than him.

sent from my ash phone

> On 30 Aug 2022, at 11:33, Howard King <hking@khpslaw.com> wrote:
>
> I know you told me that you were no longer represented by counsel, but as long as Jay Ellwanger is your counsel of record, I am not permitted to communicate with you absent his consent.
>
> Howard King
> King, Holmes, Paterno & Soriano, LLP

> **From:** ashley lindsay morgan ████████████████
> **Sent:** Tuesday, August 30, 2022 11:05 AM
> **To:** Howard King <hking@khpslaw.com>
> **Subject:** Fwd: Ellwanger
>
> For a "me too" lawyer, man doesn't listen to the word no, innit?
>
> sent from my ash phone
>
> Begin forwarded message:
>
>> **From:** ashley lindsay morgan ████████████████
>> **Date:** 30 August 2022 at 11:02:37 GMT-7
>> **To:** hkong@khpslaw.com
>> **Subject: Ellwanger**







sent from my ash phone