Jay D. Ellwanger (CA Bar No. 217747)
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste. 190
Austin, Texas 78731
(737) 808-2260
(737) 808-2262 (fax)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESME BIANCO,<br><br>   Plaintiff,<br><br>v.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually, MARILYN MANSON RECORDS, INC.,<br><br>   Defendants. | Case No. 2:21−cv−03677 FLA (MARx)<br><br>**REPLY IN SUPPORT OF THIRD-PARTY WITNESS ASHLEY LINDSEY MORGAN SMITHLINE'S OPPOSED MOTION TO MODIFY SUBPOENA**<br><br>Date:   Sept. 30, 2022<br>Time:   1:30 p.m.<br>Crtm:   6B<br>The Hon. Margo A. Rocconi<br><br>**(JURY TRIAL DEMANDED)** |

**REPLY IN SUPPORT OF THIRD-PARTY WITNESS ASHLEY LINDSEY MORGAN SMITHLINE'S OPPOSED MOTION TO MODIFY SUBPOENA**

Third-Party Witness Ashley Lindsey Morgan Smithline; ("Ms. Smithline"), by and through her attorneys, submits this Reply in Support of her Opposed Motion to Modify Subpoena. In support thereof, Ms. Smithline submits the following:

## I. BACKGROUND

Throughout its Opposition, Defendant and his counsel hurl spurious insults based upon incomplete or wholly inaccurate information, attorney-client privileged communications acquired by dubious (and inadmissible) means, and a basic misunderstanding of how one of the most popular social media platforms actually works. None of their purported "evidence" is grounds for denying the relief sought by Ms. Smithline's Motion to Modify the Subpoena.

As Defendant's counsel has known throughout the pendency of this briefing process, the undersigned counsel filed a Motion to Withdraw Representation for Ms. Smithline (Dkt. No. 23) in *Smithline v. Warner, et al*, Case No. 2:21-cv-05289-FLA (MARx), which is also pending before this Court. Defendant filed its Notice of Non-Opposition in the same case (Dkt. No. 24) on September 6, 2022. Despite this acknowledgement, Defendants and their counsel continue to press for information in connection with this Motion that is still protected by the attorney-client privilege, and demanding answers to questions which can only be ascertained by the divulgence of attorney-client privileged information.

This we cannot do. However, all information provided to counsel for Defendants and every action taken by the undersigned counsel in connection with the subpoena that is the subject of this Motion was taken in response to direct written instructions from Ms. Smithline, which pursuant to California law, may be produced for *in camera* inspection by the Court. So that the Court may have a complete

2

understanding of the circumstances which led to the filing of this Motion, we request an *in camera* inspection of these documents by the Court.

## II.     ARGUMENT

### A) Defendants' Counsel's Failure to Disclose Communications

In the Opposition and related Declaration, Defendants' counsel <u>discloses for the first time</u> that "in May, Ms. Smithline left voicemail messages for Mr. Warner's counsel stating she 'fired' Mr. Ellwanger, who she referred to as her 'former attorney.'" These voice messages were never produced to Ms. Smithline's counsel, nor was even their existence disclosed. While it is true that Defendants' counsel did call the undersigned counsel on July 1, 2022 to confirm that Ms. Smithline was still represented by counsel and offer to settle her case, he never disclosed that she was the source of his information, instead vaguely referring to unnamed parties as the basis for his opinion. *See* Dkt. No. 52-1 at 6.

Counsel's duty to disclose this communication was made clear by his own admonition on August 30, 2022, when he wrote to Ms. Smithline and said "as long as Jay Ellwanger is your counsel of record, I am not permitted to communicate with you absent his consent." *See* Dkt No. 52-1, p. 79. According to Defendants' counsel's own sworn statement, he received voicemails from Ms. Smithline in May 2022. *Id.* He then determined that Ms. Smithline was still represented by the undersigned counsel, when he asked if the undersigned counsel could accept a subpoena on Ms. Smithline's behalf. *See* Dkt No. 52-1, p. 6. Once it was confirmed

3

that Ms. Smithline was still represented by counsel, that made the existence of the voicemails a disclosure of privileged attorney-client material. "We do, however, hold that whenever a lawyer ascertains that he or she may have privileged attorney-client material that was inadvertently provided by another, <u>that lawyer must notify the party entitled to the privilege of that fact.</u> *State Compensation Ins. Fund v. WPS, Inc.* (1999) 70 Cal.App.4th 644, 657 [82 Cal.Rptr.2d 799, 807–808]. Defendants failed to do so.

### B) The Retainer Agreement is Privileged

In footnote 2 of the Opposition, Defendant argues that retainer agreements are non-privileged and that "Mover [sic], if Ms. Smithline terminated Mr. Ellwanger in April 2022, none of their communications since are attorney-client communications." Ms. Smithline did not terminate her attorney-client relationship with the undersigned counsel in April 2022[1], and further, "[a] written fee contract shall be deemed to be a confidential communication within the meaning of subdivision (e) of Section 6068 and of Section 952 of the Evidence Code. Cal. Bus. & Prof. Code § 6149." *See Mier v. CVS Pharmacy, Inc.* (C.D. Cal., Apr. 30, 2021) 2021 WL 3468932, at *2.

---

[1] Again, this fact may be conclusively established by an *in camera* review by the Court, which is hereby requested, of the over 500 messages exchanged directly between Ms. Smithline and the undersigned counsel from April 2022 to August 2022. *See Manfredi & Levine v. Superior Court* (1998) 66 Cal.App.4th 1128, 1136 [78 Cal.Rptr.2d 494, 500].

4

**REPLY TO OPPOSITION TO MOTION TO MODIFY SUBPOENA**

### *C) Defendant Relies on Inadmissible and Inaccurate Information*

In its Opposition, Defendant states that "Ms. Smithline sent a number of Instagram messages to a third party stating she fired Mr. Ellwanger in April 2022." Shockingly, Defendants make no effort to identify who the source of these messages are, other than to say "a third party." The included screenshots do not even reveal the purported owner of the Instagram account with whom Ms. Smithline was allegedly communicating, and there is no indicia of trustworthiness or reliability to overcome exclusion of this evidence under FED. R. EVID. 801.

"The trustworthiness of an out-of-court statement is assessed by the circumstances surrounding the making of the statement. *See Parle v. Runnels*, 387 F.3d 1030, 1039 (9th Cir. 2004) . . . An unexhaustive list of potentially relevant circumstances includes the following: the relationship, if any, between the declarant and the person to whom the statement is made; whether the statement is made under oath; whether the statement is made voluntarily and/or spontaneously; whether the statement is based on personal knowledge; whether the statement is made in anticipation of litigation; whether the statement contradicts, or is consistent with, the declarant's previous or subsequent statements; whether the statement is self-serving or against the declarant's interest; the declarant's motive in making the statements, including any possible bias or incentive to lie; the extent to which the jury will have the opportunity to evaluate the declarant's credibility; the reliability of the declarant's perception or memory and his or her history of truthfulness; and the statement's

proximity in time to the events it describes." *Wilson v. City of Los Angeles* (C.D. Cal., July 20, 2020, No. CV 18-5775-KS) 2020 WL 7711836, at *9. Defendants have not made any effort to establish any of the above circumstance, and this evidence must be excluded.

Additionally, in its Opposition, Defendants states that "Mr. Warner's counsel also asked whether Ms. Smithline was, in fact, in Los Angeles, as it appeared from her Instagram account that she was still in London." Dkt. No. 52 at 6. Assuming *arguendo* that the basis of this opinion was a post from Ms. Smithline listing "London" as her location at the time of the post, Defendants' counsel seems unaware that Instagram allows its users to list any location when posting photographs, regardless of where they are actually located at the time of the posting. For example, "The Moon" is an acceptable location tag in the app, although presumably none of the users who post photographs on Instagram from "The Moon" are actually located on "The Moon" at the time of their posting.[2]

### D) The Relief Requested on Behalf of Ms. Smithline is Reasonable

Pursuant to Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it: fails to allow a reasonable time to comply; requires a person to comply beyond the specified geographical limits; requires disclosure of privileged

---

[2] "To increase your reach, you can tag your photos in locations even when you're not physically there." *See* https://medium.com/getflowboxblog/how-to-use-instagram-geotags-to-grow-your-following-aef1abb8fb24 (last accessed September 16, 2022).

or other protected matter; <u>or subjects a person to undue burden</u>. FED. R. CIV. P. 45(d)(3)(A); *Strike 3 Holdings, LLC v. Doe*, 2021 WL 4814989 (C. D. Cal. May 18, 2021) (emphasis added). In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party. *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S. D. Cal. 2014) (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633,637 (C. D. Cal. 2005).

Defendants' subpoena in its current form places an undue burden upon Ms. Smithline. Ms. Smithline would be forced to testify at a deposition, either unrepresented, or represented by counsel who has already filed a motion to withdraw from representing her. Additionally, the parties deposing her are the very same parties she has asserted claims against in her own lawsuit, represented by the same attorneys. Allowing the subpoena to stand in its current form would heavily prejudice Ms. Smithline.

Additionally, the modification requested would not impact the value of the information to Defendants, nor would it burden them significantly, as the Court recently extended all deadlines in this case by 90 days, including the deadline to conduct fact discovery. *See* Dkt. No. 47. Allowing Ms. Smithline reasonable time to secure adequate representation at her deposition ensures a fair and equitable proceeding and does not prejudice Defendants in any way.

## **CONCLUSION**

For these reasons, Ms. Smithline asks this Court to grant her Motion to Modify the Subpoena to provide Ms. Smithline 90 days to secure representation by new counsel prior to the date of her deposition.

Dated: September 16, 2022   Respectfully submitted,

 /s/ *Jay D. Ellwanger*
Jay D. Ellwanger
California Bar No. 217747
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Hwy.,
Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238

**COUNSEL FOR MS. SMITHLINE**

8

**REPLY TO OPPOSITION TO
MOTION TO MODIFY SUBPOENA**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                              */s/ Jay D. Ellwanger*
                                              Jay D. Ellwanger