KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
JOHN G. SNOW, ESQ., STATE BAR NO. 280790
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JSNOW@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Defendants BRIAN WARNER and MARILYN MANSON RECORDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESMÉ BIANCO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually; MARILYN MANSON RECORDS, INC.,<br><br>　　　　Defendants. | CASE NO. 2:21-CV-3677-FLA-MAR<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS PURSUANT TO 18 U.S.C. § 1595(b)**<br><br>*Notice of Motion and Motion, Declarations of Howard E. King and Blair Berk, and Proposed Order filed concurrently*<br><br>Date:　　January 13, 2023<br>Time:　　1:30 p.m.<br>Crtrm.:　6B<br><br>The Hon. Fernando L. Aenlle-Rocha<br><br>SAC Filed:　May 12, 2022<br>Trial Date:　June 20. 2023 |

3310.090/1880449.1

# TABLE OF CONTENTS

Page(s)

I. Introduction ..................................................................................................... 1

II. Background ...................................................................................................... 1

III. The TVPRA's mandatory stay provision ......................................................... 2

IV. Argument .......................................................................................................... 3

V. Conclusion ........................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Doe v. Athens County*,
  2022 WL 1569979 (S.D. Ohio May 18, 2022) ........................................................ 3

*Doe v. Mindgeek USA Inc.*,
  2021 WL 6618628 (C.D. Cal. Dec. 28, 2021) ................................................ 1, 3, 4

*Lunkes v. Yannai*,
  882 F. Supp. 2d 545 (S.D.N.Y. 2012) .................................................................... 3

*Sharma v. Balwinder*,
  2021 WL 4865281 (N.D. Cal. Sept. 29, 2021) ................................................ 1, 2, 3

**Federal Statutes**

18 U.S.C. § 1595(b) ............................................................................................ 1, 2, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

The Court should stay this case because the Trafficking Victims Protection Reauthorization Act (TVPRA)—under which Plaintiff Esmé Bianco has brought a claim—has a mandatory stay provision that states: "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." 18 U.S.C. § 1595(b)(1). Under the statute, a "criminal action" includes criminal investigations, *id.* § 1595(b)(2), and the stay provision applies here because Defendant Brian Warner is currently the subject of a pending criminal investigation by the Los Angeles County Sheriff's Department in which Bianco is a complaining witness, and which concerns the same occurrences alleged in this case. Thus, the Court should stay this case until the pending criminal investigation is resolved, consistent with the numerous cases that have concluded the TVPRA's stay provision is "mandatory" in precisely this situation. *See Doe v. Mindgeek USA Inc.*, 2021 WL 6618628, at *3 (C.D. Cal. Dec. 28, 2021) (staying civil case pursuant to § 1595(b)(1) pending resolution of criminal action brought by a local law enforcement agency); *Sharma v. Balwinder*, 2021 WL 4865281, at *1 (N.D. Cal. Sept. 29, 2021) (staying civil action during pendency of state court criminal proceedings).

## II.  Background

Bianco filed this case on April 30, 2021, and currently asserts civil claims against Defendants for violation of the TVPRA, sexual assault, and sexual battery, among other things. *See* Dkt. No. 1 (initial Complaint); Dkt. No. 40 (Second Amended Complaint) at ¶¶ 39-50. These claims are based on alleged occurrences between Warner and Bianco from February 2009 to July 2011 in Los Angeles, including at Warner's West Hollywood apartment. SAC at ¶¶ 14-32.

About seven months after Bianco filed this case, the Los Angeles County Sheriff's Department executed a search warrant at Warner's home as part of an

investigation into sexual abuse allegations for alleged incidents that "occurred between 2009 and 2011 when Mr. Warner lived in the city of West Hollywood." King Decl. Exs. 1 & 2. In September 2022, the Sheriff's Department announced that it submitted its "19-month sexual abuse investigation" into Warner to "Dist. Atty George Gascón for a decision on whether to file criminal charges against the singer." *Id.*, Ex. 1. Around the same time, the District Attorney publicly confirmed that his office received materials from the Sheriff's Department and that it would carefully review everything before making a filing decision. *Id.*, Exs. 1 & 3. He added that "[t]his review will take some time but rest assured our office takes these allegations very seriously." *Id.*, Ex. 3.

Detective David Van Dyke from the Sheriff's Department has confirmed to the attorney representing Warner in the criminal investigation that Bianco is a complaining witnesses in the investigation and that the investigation covers the allegations made by Bianco in this civil case. Berk Decl. ¶ 2. Warner's attorney also spoke with representatives of the District Attorney's Office who confirmed that they are reviewing the case and that the filing determination remains pending. *Id.* ¶ 3. Bianco's counsel in this case also informed Warner's counsel that he and Bianco met with Sheriff's Department investigators and that Bianco reported her allegations about Warner to them. King Decl. ¶ 5.

### III. The TVPRA's mandatory stay provision

The TVPRA provides that any civil action filed under it "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." 18 U.S.C. § 1595(b)(1). For purposes of this section, the term "criminal action" includes both "investigation and prosecution." *Id.* § 1595(b)(1).

Courts have consistently interpreted this language to impose a "mandatory stay" for civil lawsuits that arise out of the same occurrence as a pending criminal action. *See Sharma*, 2021 WL 4865281, at *2 ("the plain language of the TVPRA

mandates a stay of the present civil action pending resolution of the criminal proceedings against Defendants"); *Mindgeek*, 2021 WL 6618628, at *3 (observing that the statute has "clear, broad, and mandatory language"); *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012) (same). Thus, when an ongoing criminal investigation or prosecution arises out of the same events as a civil case with a TVPRA claim, and the plaintiff in the civil case is also an alleged victim in the criminal action, a district court must stay the civil case pending the resolution of the criminal action. *See Mindgeek*, 2021 WL 6618628, at *3.

The mandatory stay applies no matter if the criminal action is brought by state or federal authorities. *See id.* at *3 (staying civil case pending resolution of criminal action brought by a local law enforcement agency); *Sharma*, 2021 WL 4865281, at *1 (staying civil action during pendency of state court criminal proceedings); *Doe v. Athens County*, 2022 WL 1569979, at *1-2 (S.D. Ohio May 18, 2022) (staying civil case pending resolution of state court criminal case charging sexual abuse). And it is not limited to claims brought under the TVPRA, but rather applies to all claims in the civil action. *See Sharma*, 2021 WL 4865281, at *2 (staying entire civil action under § 1595(b)(1) and stating that the "statute does not limit the stay to particular defendants or claims"); *Athens County*, 2022 WL 1569979, at *1 (same). Finally, the stay must be entered regardless of whether it is sought by the government or a civil defendant. *See Sharma*, 2021 WL 4865281, at *2; *Mindgeek*, 2021 WL 6618628, at *3; *Lunkes*, 882 F. Supp. 2d at 548, 551.

## IV. Argument

The Court should stay this case because it falls directly within Section 1595(b)(1)'s mandatory stay provision. **First**, Bianco asserts a civil claim against Defendants under the TVPRA, which she used to invoke this Court's jurisdiction. *See* SAC ¶¶ 47-50. **Second**, there is a pending criminal investigation into Warner by the Los Angeles County Sheriff's Department, which was recently referred to the District Attorney's Office for filing determination and is still under review. King

Decl. Exs. A-C. **Third**, the criminal investigation arises out of the same occurrences alleged in the SAC, and Bianco is one of the complaining witnesses in the investigation. In particular, the Sheriff's Department stated that the investigation concerns alleged incidents of sexual abuse between 2009 and 2011 when Warner lived in West Hollywood, which is the same time period and location of the alleged incidents in the SAC, including those underlying the TVPRA claim. *Id.* The Sheriff's Department also confirmed to the attorney representing Warner in the criminal investigation that Bianco is a complaining witness and that the investigation covers the allegations she made against Warner in this case. Berk Decl. ¶ 2. And Bianco's counsel in this case informed Warner's counsel that he and Bianco met with Sheriff's Department investigators, and that Bianco reported her allegations about Warner to them. King Decl. ¶ 5. Thus, the requirements of Section 1595(b)(1) are met and the Court should stay the case. *See Mindgeek*, 2021 WL 6618628, at *3 ("Simply put, § 1591(b) [sic] requires that a civil action be stayed if the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arises out of the same occurrence.").

V.   Conclusion

For the reasons above, the Court should stay this action until the pending criminal investigation into Warner is resolved, as required by 18 U.S.C. § 1595(b).

DATED:   December 15, 2022        KING, HOLMES, PATERNO &
                                  SORIANO, LLP


                                  By:   */s/ Howard E. King*
                                          HOWARD E. KING
                                  Attorneys for Defendants BRIAN WARNER
                                  and MARILYN MANSON RECORDS, INC.