Jay D. Ellwanger (CA Bar No. 217747)
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste. 190
Austin, Texas 78731
(737) 808-2260
(737) 808-2262 (fax)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESME BIANCO,<br><br>          Plaintiff,<br><br>v.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually, MARILYN MANSON RECORDS, INC.,<br><br>          Defendants. | **Case No. 2:21−cv−03677 FLA (MARx)**<br><br>**PLAINTIFF ESME BIANCO'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PURSUANT TO 18 U.S.C. § 1595(B)**<br><br>Date: January 13, 2023<br>Time: 1:30 PM<br>Crtrm: 6B<br><br>The Hon. Fernando L. Aenlle-Rocha<br><br>SAC Filed:   May 12, 2022<br><br>Trial Date:   June 20, 2023 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

ARGUMENT .......................................................................................................... 1

    A)    **TVPRA Stay Provision** ............................................................................ 2

        i)   "Criminal Action" ................................................................................ 3

        ii)   Defendants' own citations reflect cases where criminal charges had already been brought ................................................................................ 4

    B)    **Defendant has not shown sufficient evidence of a pending criminal action to trigger a mandatory stay under the TVPRA.** ................................. 6

        i)   Defendant failed to offer evidence showing a pending criminal investigation. ........................................................................................... 6

            a.   Defendant failed to offer evidence showing a pending criminal prosecution. ............................................................................................. 8

        ii)   Defendant should not be allowed to unduly insulate himself from TVPRA liability through intentional delay. .................................................. 10

# TABLE OF AUTHORITIES

## CASES

Doe v. Athens County,
  2022 WL 1569979 (S.D. Ohio May 18, 2022) ................................................4

*Doe v. Mindgeek USA Inc.*,
  2021 WL 6618628 (C.D. Cal. Dec. 28, 2021) ..............................................3, 5

*FTC v. Mytel Int'l, Inc.*,
  2016 WL 11788633 (C.D. Cal. Mar. 18, 2016) ...............................................9

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,
  No. 4:10-CV-04124, 2011 WL 5188424 (W.D. Ark. Oct. 31, 2011).......passim

*Lunkes v. Yannai*,
  882 F.Supp.2d 545 (S.D.N.Y. 2012) ...............................................................5

*Mendez v. City of Gardena*,
  2014 WL 12802931 (C.D. Cal. May 30, 2014) ...............................................9

*O'Connell v. Smith*,
  2015 WL 13721841 (C.D. Cal. Oct. 8, 2015)..................................................9

*Sharma v. Balwinder*,
  2021 WL 4865281 (N.D. Cal. Sept. 29, 2021) ................................................4

*Tianming Wang v. Gold Mantis Construction Decoration, LLC.*,
  2020 WL 5983939 (D.M.I. Oct. 9, 2020) ..............................................3, 7, 10

## STATUTES

18 U.S.C. § 1595..................................................................................................2

Plaintiff Esme Bianco ("Ms. Bianco" or "Plaintiff") hereby files her Response in Opposition to Defendant Brian Warner ("Warner") and Defendant Marilyn Manson Records, Inc.'s ("Manson Records" and, together with Warner, "Defendants") Motion to Stay Proceedings Pursuant to 18 U.S.C § 1595(b) (the "Motion").

Defendants are correct that Defendant Warner has been under criminal investigation for well over one-and-a-half years. During that time he has used the litigation process as a sword, while attempting to use the criminal investigation as a shield. Now, faced with impending depositions, Defendants attempt to abuse the stay proceeding found in 18 U.S.C § 1595(b), which they have intentionally ignored since the instant lawsuit was filed in April 2021. Defendants' Motion must be denied.

## ARGUMENT

Defendant has been on notice of a criminal investigation into the same allegations in this case prior to this lawsuit ever being filed. Plaintiff appeared on *Good Morning America* on February 11, 2021 and disclosed that she had turned over evidence of human trafficking and sex crimes to the authorities.[1] The instant lawsuit was not filed until April 30, 2021—2 ½ months later. Since that time, Defendants have used the criminal investigation as a basis for failing to respond to discovery in this matter, defensively citing the seizure of electronically-stored information by law

---

[1] *See* https://www.goodmorningamerica.com/culture/story/marilyn-manson-accuser-esme-bianco-speaks-alleged-abuse-75778686 (last accessed December 22, 2022).

1
**PLAINTIFF'S MOTION FOR REVIEW**

enforcement as rationale for their failure to preserve. However, Defendants have also gone on the offense, filing their own lawsuits against related third parties and issuing no multiple third-party document subpoenas and no fewer than four third-party deposition subpoenas in this matter—including taking the most recent deposition of third party Ashley Walters a mere two weeks prior to filing this Motion. The Defendants now ask the Court to reward such behavior, but neither the stay provisions of 18 U.S.C § 1595(b) nor the principles of equity allow such an outcome.

**A) TVPRA Stay Provision**

Section 1595(b)(1) of the Trafficking Victims Protection Reauthorization Act (TVPRA) states that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." *See* 18 U.S.C. § 1595(b)(1). "Criminal action" is defined in the TVPRA as including "investigations and prosecutions," which are considered pending until final adjudication. 18 U.S.C. § 1595(b)(2). The TVPRA "was not created to protect civil defendants[, n]or was the statute amended, in providing for a private right of action and mandatory stay, in order to protect the rights of civil defendants." *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 4:10-CV-04124, 2011 WL 5188424, at *2 (W.D. Ark. Oct. 31, 2011). Rather, the mandatory stay provision was designed to protect the DOJ's "ability to try criminal actions 'unfettered by the complications of civil discovery,'" and "not to help defendants *delay civil actions*." *Tianming Wang v. Gold Mantis*

*Construction Decoration, LLC.*, 2020 WL 5983939, at *3 (D.M.I. Oct. 9, 2020)(emphasis added); *see also Doe v. Mindgeek USA Inc.*, 2021 WL 6618628, at *3 (C.D. Cal. Dec. 28, 2021).

### i) "Criminal Action"

Courts have declined to grant a stay on the grounds that a defendant failed to show there was a "criminal action" against them under the TVPRA's stay provision. 18 U.S.C. § 1595(b)(2); *Gold Mantis*, 2020 WL 5983939, at *3; *Kolbek*, 2011 WL 5188424, at *2. Where "the government may exercise its rights under the statute to impose a mandatory stay if and when appropriate," a civil defendant, on the other hand, "may not mandate the imposition of a stay under the statute based on mere speculation" regarding the government's involvement in an ongoing investigation that might justify a stay under the TVPRA's stay provision. *Kolbek*, 2011 WL 5188424, at *2. It is "illogical, and contrary to the purpose of the [TVPRA], that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing." *Id*. "If the government is continuing to investigate any criminal action related to [a] case, the government may intervene and file a notice of stay." *Id.* at *3 (emphasis added). If weak evidence of an ongoing investigation provided by a civil defendant, however, "were able to subject a civil case to an automatic stay, victims bringing actions under the TVPRA could often be denied justice, having their trial delayed indefinitely by a civil

3

defendant who merely theorizes that an investigation might possibly be ongoing." *Id*.

### ii) Defendants' own citations reflect cases where criminal charges had already been brought

Defendants cite four cases in their motion—*Sharma*, *Lunkes*, *Mindgeek*, and *Athens County*. Offering these four cases to argue for the automatic application of the TVPRA's stay provision, Defendants' analysis fails to recognize a critical factual distinction between those four cases and the present one. The defendants in *Sharma*, *Lunkes*, *Mindgeek*, and *Athens County* all had something in common: each had been criminally charged. Without question, the civil defendants in those cases were *actually* involved in ongoing criminal proceedings that overlapped with the plaintiffs' respective TVPRA claims.

In *Doe v. Athens County*, the criminal action alleged to be pending was against someone who had already been indicted. 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022); *see also Sharma v. Balwinder*, 2021 WL 4865281, at *1 (N.D. Cal. Sept. 29, 2021) (granting a §1595(b) stay "pending the resolution of state criminal proceedings" against defendants where "the criminal complaint expressly charges [defendants] with trafficking [plaintiff]"). While a motion for §1595(b) stay shall be issued where a bona fide "criminal action" is shown to be pending—there is no question in that regard where a defendant is the subject of a criminal indictment or state criminal court proceeding.

Similarly, in granting defendant's motion to stay in *Mindgeek*, the court noted

4

that where "Plaintiff only cites cases in which a district court denied a stay because the civil defendant presented insufficient evidence that a pending criminal action existed," it is unpersuasive where defendant was the subject of a "felony complaint from a local law enforcement agency *charging a criminal defendant* with numerous counts of child pornography." 2021 WL 6618629, at *3-4 (emphasis added).

Finally, this critical factual distinction is true in *Lunkes* as well. Countering plaintiff's argument that a stay should not be granted where the moving defendant had not been criminally charged, the court responded by noting that there *was* a pending criminal prosecution in a related criminal proceeding—albeit against the moving defendant's civil co-defendant and co-conspirator. *Lunkes v. Yannai*, 882 F.Supp.2d 545, 548-51 (S.D.N.Y. 2012). The important issue was preserving the integrity of that prosecution, which was related to the proceeding *and pending* independent of which defendant sought the civil stay of proceedings.

The factual circumstances regarding whether there is a pending "criminal action" are very different in this case from those in Defendants' case citations. Defendants have not been criminally charged and have failed to offer evidence showing otherwise. To the contrary: "Manson has denied the allegations, and King has called them 'provably false.'" King Decl., Ex. 1, p.7. No criminal prosecution is pending against Defendant; rather, "experienced prosecutors will carefully and deliberatively review everything that has been submitted *prior to* making a filing decision." King Decl., Ex. 3, p.26.

5

### B) Defendant has not shown sufficient evidence of a pending criminal action to trigger a mandatory stay under the TVPRA.

Both the letter and spirit of the TVPRA's stay provision necessitate that Defendant's Motion be denied. The TVPRA stay provision applies "during the pendency of a criminal action," where "criminal action" includes "investigation and prosecution." As illustrated by Defendant's own Motion, neither an investigation nor prosecution are presently ongoing.

### i) Defendant failed to offer evidence showing a pending criminal investigation.

Arguing there is a "pending investigation" under the TVPRA, Defendant notes that "[i]n September 2022, the Sheriff's Department announced it submitted its '19-month sexual abuse investigation' into Warner to 'Dist. Atty George Cascón <u>for a decision on whether to file criminal charges</u> against the singer.'" Dkt. No. 102-1, p.2 (emphasis added). Defendant further offers that "[a]s recently as November 16, 2022," Defendants' attorney "spoke with representatives of the Los Angeles District Attorney's Office who confirmed the case is being reviewed and that the filing determination <u>remains pending</u>." Dkt. No. 102-3, ¶3 (Berk Decl.) (emphasis added).

Where Defendants' "argument that this case is subject to stay is premised on [his] belief that [law enforcement] is continuing to investigate the case," his argument must fail where it is unsupported by stronger evidence showing an investigation is currently ongoing. *Kolbek*, 2011 WL 5188414, at *2. Courts have refused to grant

stays under the TVPRA where a defendant's motion to stay is based on inconclusive statements by law enforcement officials regarding the status of an investigation. One court declined to stay civil proceedings after defendant argued that a criminal action was pending based on "a quote by an Assistant U.S. Attorney in a news article [] stating that "[t]his investigation is not over"; even after the USAO's subsequent visit to defendant's properties in that case, the court still declined to hold that a criminal investigation was pending where it was not clear that the USAO investigator was there "to collect information which could be used to prosecute." *Id*.  In another case denying a defendant's motion to stay under the TVPRA, the court noted that "[o]ver two years have passed since the original indictment, and [defendant] was never charged." *Gold Mantis*, 2020 WL 5983838, at *3. Where "[t]he government is well aware of how to indict [defendant], and it has not done so in this matter," the court reasoned, "[defendant] cannot mandate the Court to issue a stay here based on mere speculation of a potential criminal charge." *Id*. (emphasis added).

The "investigation" Defendants cite throughout their Motion is not clearly pending where it was concluded after nineteen months and subsequently submitted to the District Attorney's Office for a decision as to whether to file charges against Defendant (Dkt. No. 102-1, p.2).  Defendant does not offer any evidence showing either that the Los Angeles County Sheriff Department's ("LASD") investigation remains open, or that alternatively, the District Attorney's Office is actively conducting its own investigation. Throughout Defendants' Motion and supporting

exhibits, Defendants carefully use the phrase "pending investigation" only in reference to communications from LASD—even though LASD concluded its nineteen-month investigation and referred it to the District Attorney. (*See* Dkt. No. 102-1, p.1, p.3; *see* Berk Decl, ¶¶2-3).

In citing communications with the District Attorney, on the other hand, Defendants notably only cite the DA's confirmation of receipt of "materials from the Sheriff's Department" and its assurances that while "[t]his review will take some time," the office would "carefully review everything before making a filing decision." *See* Dkt. No. 102-1, p.2, p.3; *See also* Berk Decl., ¶3. Defendants offer no evidence showing or otherwise suggesting that the District Attorney's Office is investigating Defendant. Rather, the communications from the DA's Office to Defendants' counsel and to the public consistently state that the District Attorney is involved in reviewing the materials collected and referred to it by LASD. *Id*. The declaration offered by Defendant's criminal defense counsel appears to confirm the distinction between the LASD's investigative activity and the subsequent role of the District Attorney: "I also confirmed with the [DA] that they are reviewing the investigation *conducted by the L.A. County Sheriff's Department* for consideration of filing of criminal charges." Berk Decl., ¶3 (emphasis added).

### a. Defendant failed to offer evidence showing a pending criminal prosecution.

Nor can a criminal "prosecution" against Defendant be presumed pending

8

where the question of whether to prosecute remains undecided. While cases discussing stays under the TVPRA are relatively sparse, courts have recognized the existence of an indictment (or lack thereof) as probative to the analysis for staying civil proceedings generally. *See Mendez v. City of Gardena*, 2014 WL 12802931, at *3 (C.D. Cal. May 30, 2014)(the case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned'); *see also FTC v. Mytel Int'l, Inc.*, 2016 WL 11788633, at *4-5 (C.D. Cal. Mar. 18, 2016) (affirming that the case for whether "criminal proceedings are imminent" is 'far weaker' where no indictment has been returned)(citation omitted); *see also O'Connell v. Smith*, 2015 WL 13721841, at *2 (C.D. Cal. Oct. 8, 2015) (District Judge granting plaintiffs' motion to compel after Magistrate Judge lifted the stay on proceedings where the "District Attorney did not indicate its intention to file charges at that time, and the Court lifted the stay").

In this case, the available evidence suggests that it is the *decision* regarding whether to prosecute—not the non-existent prosecution being contemplated—that is currently pending. *See* Dkt. No. 102-2, p.26 (King Decl.)(saying once all materials have been received from the Sheriff's Department, "experienced prosecutors will carefully and deliberatively review everything that has been submitted prior to making a filing submission"). Where "[law enforcement] ha[s] not yet indicated whether it would pursue charges against [a defendant]," a motion to stay under the TVPRA should not necessarily granted merely because "the civil case *could* give rise

9

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

to a criminal case exposing [a defendant] to criminal prosecution." *Gold Mantis*, 2020 WL 5983939, at *3 (emphasis added). A prosecution cannot be pending where it has not begun.

### ii) Defendant should not be allowed to unduly insulate himself from TVPRA liability through intentional delay.

Rather than exercising the TVPRA's stay provision after Plaintiff filed suit nearly two years ago—despite knowing that "Bianco's attorney said she also was interviewed by law enforcement" (*see* King Decl., Ex. 1, p.8)—or during the time when the LASD investigation was *actually* pending, Defendant strategically sat on his hands until the point at which Plaintiff sought to take Defendant's deposition. Only then did Defendant immediately seek to halt the proceedings. *See* <u>Exhibit A</u>, e-mail exchange November 18, 2022 and November 30, 2022 between counsel regarding scheduling Defendant Warner's deposition.

Throughout the nearly two years prior, however, Defendant aggressively defended against Plaintiff's claims, declining to produce documents, readily serving third party subpoenas, taking depositions of third parties, and otherwise zealously pursuing the litigation by expanding the litigation far beyond the parties directly involved. *See, e.g.,* Dkt Nos. 48, 60, 65, 90, 95. Defendant repeated the same objection 13 times in response to Plaintiff's First Requests for Production: "Electronic devices owned by Responding Party that may contain documents responsive to this request were seized by the Los Angeles County Sheriff's

10

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

Department and are currently inaccessible by Responding Party." See <u>Exhibit B</u>, a true and correct copy of Defendant Warner's Objections and Responses to Plaintiff's First Request for Production dated March 30, 2022.

Further, Defendant Warner even filed his *own* civil action on March 2, 2022—during the known pendency of the criminal investigation—against several other victims after they spoke out against him. In so doing, the same arguments offered in Defendants' pending Motion to Stay would apply in circular fashion to suggest Defendant does *not* believe overlapping civil actions should be halted where a criminal investigation is pending against him—at least when he is the one filing them.[2]

In short, Defendant seeks to gain an unfair advantage in this action by using the shield of the TVPRA's mandatory stay provision as a sword. Where the shield that is the stay provision was intended to aid criminal investigations by law enforcement—not protect defendants in TVPRA claims—and where Defendant strategically declined to move for a stay until the moment Plaintiff demanded to take his deposition, to grant Defendants' motion to stay would be unconscionable and directly adverse to the TVPRA's purpose. Both equity and the law demand better. Defendants' Motion must be denied.

---

[2] *See* https://www.nbcnews.com/pop-culture/pop-culture-news/marilyn-manson-files-defamation-lawsuit-evan-rachel-wood-rape-abuse-al-rcna18436 (last accessed December 23, 2022).

11

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

Dated: December 23, 2022

Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
California Bar No. 217747
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Hwy., Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
Telephone: (737) 808-2260
Facsimile:   (737) 808-2262

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
